The President, Directors and Company of the Pascoag Bank *v.* Hunt and others.

---

Where a cashier fraudulently abstracted the funds of a bank and invested them in a bond and mortgage in his own name and on his own account: *Held* that this court could not protect the bank by laying hold of the bond and mortgage or by restraining the mortgagor or mortgagee by injunction.

---

The complainants (a banking company) by their bill, charged their late cashier, the defendant Dennis W. Hunt, with ab-stracting their funds and using them in the purchase of a bond and mortgage for twenty-three thousand dollars. They showed that Samuel Gillelan had the bond and mortgage assigned to him ; that Hunt loaned him twenty thousand dollars and he, Gillelan, duly assigned the bond and mortgage to the said de-fendant, Hunt, as security for the repayment of the loan, with

*1842.*

PASCOAG BANK
*v.*
HUNT.

*September.*
1842.

*Jurisdic-tion.*

interest. The complainants also showed that the said loan consisted of Florida bonds and rail road bonds and other securities amounting to ten thousand dollars and the remaining ten thousand dollars of the said loan was advanced by the said Hunt in the bills of the complainants' bank which were paid by the said Hunt upon drafts drawn by his attorney in New York; and they charged that the said ten thousand dollars of the bills of their bank were their own property at the time they were so paid and that no account thereof or of such payment was made upon the books of the bank and that such money was in the hands of the said defendant as their cashier and that he fraudulently parted with or loaned such funds or money to the said Gillelan and that whatever securities he took from the latter might, at least to the extent of ten thousand dollars, be deemed the property of the complainants. That the loan was made without their knowledge; but that they caused an investigation to be made into the affairs of the bank and thereupon the said defendant Hunt appeared agitated and excited and before the investigation was closed he absconded. The complainants also showed that, on investigating the accounts of the said Hunt, they found that the sum of thirteen thousand nine hundred and seventy-four dollars and eight cents of the funds and money of the complainants was missing and unaccounted for—which sum or ten thousand dollars thereof the complainants believed and charged were taken by the said Hunt fraudulently and were loaned to the said Samuel Gillelan and security therefor taken in his own name with the intent and design to cheat and defraud the complainants. That after the said Hunt absconded, he passed under an assumed name and was now lying concealed in New York. Also that previous to the absconding of the said Hunt, the complainants had a large sum of money in current bank bills, to wit, over the sum of three thousand dollars which, after the said Hunt's departure, was not to be found and they believed and charged the same was feloniously taken and carried away by the said Hunt; and they were fearful and believed that he would depart from the state of New York and from the United States to avoid a criminal prosecution for the said felony. *Prayer :* that the said loan might be decreed to have been made on account of the complainants and the said securities taken for their benefit in whole

or to the extent to which their moneys were used; and that the said Hunt might be decreed to assign to the complainants the said securities or so much thereof as they might be entitled to; and that the parties liable on the bond and mortgage be directed to pay to the complainants accordingly. Also, for an injunction—which was granted.

A motion was now made to dissolve the injunction.

Messrs. *Tucker* and *Crapo*, in support of the motion.

Mr. *M. Porter*, for the complainants.

THE VICE-CHANCELLOR:—The bill calls on the court to investigate a charge of embezzlement amounting to the crime of felony ; and, then to follow the funds abstracted and lay hold of a bond and mortgage which it is supposed the money of the complainants or their own bank bills went towards purchasing and apply such bond and mortgage to their indemnity.

In the first place, I believe the complainants must be left to pursue their cashier Hunt in a court of criminal jurisdiction. And in the second place, if he should be found guilty, I still do not see where this court gets its authority to indemnify the complainants for their loss out of property acquired by Hunt. The bill does not show that he made the loan or advance, on the security of the bond and mortgage, for the bank ; but, on the contrary, that he did it for his own benefit, although he might have obtained some of the means from their funds.

I think the bill does not make out such a case of implied or resulting trust as gives the court of chancery any jurisdiction. Order, that the injunction be dissolved, with costs.