EDNA P. WEBB *vs.* JOHN O'DONNELL and another.

October 24, 1881.

**Evidence not Objected to, held Sufficient.**—Objectionable evidence, not objected to, *held* sufficient to sustain a finding in this case.

**Reply in Municipal Court of St. Paul.**—In the municipal court of St. Paul an answer need not be replied to unless it contains a counterclaim.

Appeal by defendants from a judgment of the municipal court of St. Paul.

*O'Brien & Wilson*, for appellants.

*S. L. Pierce*, for respondent.

BERRY, J. This action is brought to recover the balance—$71.25 —of an account which originally accrued to Isaac W. Webb, and of which plaintiff claims to be assignee. As respects the assignment, the allegation of the complaint is "that before the commencement of this action, the said Isaac W. Webb sold and transferred the said demand to this plaintiff, who is now the owner and holder thereof." Defendants' answer puts this allegation in issue as follows: "As to the alleged assignment from Isaac W. Webb to this plaintiff, as alleged in said complaint, these defendants have no knowledge or information sufficient to form a belief, and so deny the same." The only testimony received to prove the assignment was that of Mr. Pierce, as follows: "In regard to the assignment of Isaac W. Webb, mentioned in the complaint, it was left in my possession as attorney for plaintiff, but, after a thorough search, I cannot find it. Assignment was a general one, and included the account set out in the complaint in this action."

v.28—24

This testimony is loosely and inaccurately expressed, and instead of being confined to facts, it consists in part of mixed conclusions of fact and law. As testimony it is, therefore, not in good form. But it was not objected to on any ground. With all its imperfections it tends to show directly and by reasonable inference that the sale and transfer set up in the complaint, and understood by defendants (as their answer shows) to be an alleged assignment, were evidenced by a written instrument running from Isaac W. Webb to the plaintiff and to her delivered; that, among other things, this instrument assigned the demand on which this suit is brought, and that it was lost, so that oral evidence of its contents was admissible. Of course the testimony is general and sweeping, where the defendant had the right to insist that it should be particular and specific; but the defendant acquiesced in it as it is, and cannot now be heard to complain of defects which his acquiescence waived.

The objection that Pierce did not show himself acquainted with the contents of the instrument, is disposed of upon the same principle. He was permitted to testify to the substantial effect of the instrument without objection. The plaintiff's assumption that he knew the contents of the instrument was therefore acquiesced in.

As to the other point made by defendant, we observe that the provision of Laws 1879, c. 15, requiring a reply to an answer containing new matter, is not applicable to the municipal court of St. Paul. The rule for that court is specially prescribed by Gen. St. 1878, c. 64, § 90, and requires a reply only when the answer contains a counterclaim.

Judgment affirmed.