Riehl *et al. v.* The Evansville Foundry Association.

Filed Nov. 24, 1885.

———————◆———————

No. 11,253.

RIEHL ET AL. *v.* THE EVANSVILLE FOUNDRY ASSOCIATION.

PRINCIPAL AND AGENT.— *Book-keeper.*— *Trust.*— *Embezzlement.*— A book-keeper or salesman, who receives the money of his employer by virtue of his employment, receives it in a fiduciary capacity, and if he fraudulently appropriates it to his own use, he is guilty of a breach of trust.

SAME.—*Property Purchased with Embezzled Money.—Equity.*—Where an agent, in violation of his trust, uses the money of his principal in the purchase of property, the law implies a trust in favor of the principal, and equity will subject such property to the latter's claim as against either a volunteer or a fraudulent grantee.

SAME.—*Judgment for Amount Due in Excess of Value of Property.*—The beneficiary can not follow the trust into the property purchased by the agent and also compel payment of the money from the latter; but he may obtain a judgment for the sum remaining due after deducting. the value of the property, and in one action secure both equitable and legal relief.

EVIDENCE. — *Undertaking to Defraud.—Admissions.*—Where two persons unite in a common undertaking to defraud another, the admissions of one are competent against both, although there is no direct evidence of a conspiracy.

SAME.—*Sufficiency in Civil Cases.*—It is sufficient in all civil cases that the evidence supplies reasonable grounds for inferring facts essential to a recovery.

SAME.—*Admission without Objection.—Practice.*—Evidence admitted without objection in the trial court can not be questioned on appeal.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler, A. Gilchrist* and *C. H. Butterfield,* for appellants.

*J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellee.

ELLIOTT, J.—The substantial averments of the appellee's complaint are these: Frederick A. Riehl was the appellee's book-keeper and salesman, and, in that capacity, received of its money six thousand dollars, which he embezzled; with the money embezzled he bought real estate, caused the title to be made to his wife, and built a house on the real estate so purchased and conveyed to her; that she had no money of her own with which to purchase the property, but, with knowledge of her husband's fraudulent appropriation of his employer's money, took the title to the property for the purpose of defrauding his employer.

A book-keeper or salesman, who receives the money of his employer by virtue of his employment, does receive it in a fiduciary capacity, and if he fraudulently appropriates it to

his own use, he is guilty of a breach of trust. The funds which come into the hands of an agent for his principal are trust funds, and the latter, as the beneficiary, becomes in equity the owner of the property purchased by the agent with these funds. Where one occupies the position of a trustee, either by express appointment or by implication of law, and wrongfully uses the money received by him as trustee in the purchase of property, the beneficiary may follow it into the property. Pomeroy Eq. Juris., section 1051; Story Eq. Juris., section 1260; *Bank of America* v. *Pollock,* 4 Edw. Ch. 215; *Taylor* v. *Plumer,* 3 M. & S. 562; *Pugh* v. *Pugh,* 9 Ind. 132; *Newton* v. *Porter,* 69 N. Y. 133 (25 Am. R. 152).

"The trust," says Mr. Bigelow, "will follow the estate into the hands of all purchasers with notice, and of volunteers or persons taking by gift or descent from the trustees." Bigelow Eq. 63.

In this instance, Mrs. Riehl was a volunteer, and had notice of the trust. Clearly enough, she can not successfully resist the effort of the beneficiary to follow the money into the property conveyed to her.

The complaint is not one by a creditor to set aside a fraudulent conveyance of property, but is one to enforce a trust arising by implication of law. Where an agent, in violation of his trust, uses the money of his principal, the law implies a trust in favor of the principal, and to enforce the trust thus implied equity will subject the property purchased to the claims of the principal, as against either a volunteer or a fraudulent grantee. It is this equitable principle which the complaint invokes.

Cases are cited holding that where an agent embezzles money from his employer and invests it in property, the principal can not follow the trust into the property, because the remedy against the agent is by a criminal prosecution. *Campbell* v. *Drake,* 4 Ire. Eq. 94; *Pascoag Bank* v. *Hunt,* 3 Edw. Ch. 583.

We have no doubt that these cases were not well decided.

Riehl *et al. v.* The Evansville Foundry Association.

They are in conflict with the very great weight of authority, and are unsound in principle. The fact that the agent may be criminally prosecuted does not affect the right of the principal to get back his money. With quite as much reason might it be urged that the principal could not take from the embezzler the money, if found on his person, because he can be punished by a criminal prosecution, as to urge that the principal can not follow the trust because the embezzler is liable to be punished by a prosecution at the instance of the State. There is no conceivable reason why the wronged employer may not secure his money and the embezzler be also punished. The punishment is not to vindicate or reward the principal, but to protect the community from the criminal acts of embezzlers.

We agree with counsel that the beneficiary can not follow the trust into the property purchased by the agent, and also compel payment of the money from the agent. *Barker* v. *Barker*, 14 Wis. 142; *Murray* v. *Lylburn*, 2 Johns. Ch. 441. But that question does not arise in this case. Here the beneficiary seeks to subject the property bought with the trust funds to its claims, and does not seek to coerce the agent to also refund the money embezzled. The rule of which we are speaking does not forbid the beneficiary from obtaining a judgment against the agent for the sum remaining due after deducting the value of the property, and, under our system, the plaintiff in such a case as this may, in one action, obtain both equitable and legal relief. This is what the complaint seeks, and it is not vulnerable to a demurrer, even though it may demand too much, for a complaint sufficient to entitle the plaintiff to some relief will repel a demurrer.

The declarations of Frederick Riehl were unquestionably admissible against him, and this statement disposes of the point made upon the ruling of the court on this question. But there is another reason supporting the ruling of the court. Where two persons unite in a common undertaking to defraud another, the admissions of one are competent against both,

although there is no direct evidence of a conspiracy. It is not necessary that there should be positive evidence of a conspiracy; it is sufficient if the circumstances show that the parties had embarked in a joint undertaking to commit a wrong.

It is sufficient in all civil cases, that the evidence supplies reasonable grounds for inferring facts essential to a recovery. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476; *Evansville, etc., R. R. Co.* v. *Mosier*, 101 Ind. 597.

The evidence in this record very clearly and satisfactorily supplies grounds for inferring that the agent used the money of his employer in buying the property sought to be charged with the trust, and we do not doubt that the trial court did right in decreeing that the property was bought with trust funds fraudulently appropriated by the agent.

It was clearly proved by parol that the real estate was conveyed to Mrs. Riehl. Doubtless, the proper method of proving this fact was by introducing the deed, but the parol evidence was not objected to, and its efficacy can not now be questioned. *Stockwell* v. *State, ex rel.*, 101 Ind. 1.

The party who permits evidence to go in without objection can not successfully urge on appeal that it is not sufficient to sustain the finding. The spirit of our system of civil procedure is, that parties must present their objections in the trial court and reserve seasonable and effective exceptions. *City of Evansville* v. *Martin*, 103 Ind. 206. This is a wise rule; just in its operation and salutary in its effect. It secures a fair and open contest, and prevents undue advantage from being taken by the concealment of objections from the trial court. It enables that court, and the parties, to correct errors, and thus prevent appeals in cases destitute of substantial merit. The rule is not an arbitrary or technical one, but it is a liberal rule, tending to secure just results and to confine litigation to the courts of original jurisdiction.

It has been held in a great number of cases, that this court can not, and will not, weigh the evidence, but will accept

that taken by the trial court as trustworthy. *Union School Tp.*
v. *First Nat'l Bank,* 102 Ind. 464, and authorities cited.

Acting upon this rule, we must accept the evidence which
commended itself to the judgment of the trial court, and,
doing this, we must sustain the finding, for there is evidence,
either direct or circumstantial, sustaining it upon every ma-
terial point.

It is assumed in the supplemental brief of counsel, that the
money which bought the lot and built the house was re-
ceived by Frederick A. Riehl from George Naab; that there
is testimony to this effect we grant, but it is opposed by strong
circumstances and by direct evidence. That Frederick A.
Riehl fraudulently appropriated the money of his employers,
is satisfactorily shown by admissions, by the manner in which
the books were kept, and by his letters directing that remit-
tances should be made to him individually. That Riehl did
dishonestly get his employer's money we do not doubt, and
that it went to purchase the property which was conveyed to
his wife we are well satisfied.

There can be no doubt as to the property which the money
purchased and improved, for it is spoken of by the witnesses
as the property described in the complaint. There was no
other property in controversy.

Judgment affirmed.

