# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1886, IN THE SEVENTY-
FIRST YEAR OF THE STATE.

---

No. 12,431.

## McFADDEN ET AL. v. FRITZ ET AL.

PLEADING.—*Amended Complaint.*—*Answer.*—*Theory of Trial.*—Where an
amended complaint is filed, and the plaintiff tries the case upon the
theory that answers filed to the original complaint are addressed to the
complaint as amended, he is bound by that theory on appeal.

SAME.—*Demurrer.*—*Form.*—A demurrer to answers, "that neither of said
paragraphs states facts sufficient to constitute a defence to plaintiff's
complaint," is sufficient.

SAME.—*Answer in Mitigation of Damages.*—*Harmless Error.*—Where evi-
dence in mitigation of damages is admissible under a paragraph left
standing, an error in sustaining a demurrer to another paragraph plead-
ing facts in mitigation, is harmless.

REPLEVIN.—*Judgment.*—*Conclusiveness.*—*Ownership of Property.*—The judg-
ment in a replevin action is conclusive as to all questions that were
litigated or might have been litigated under the issues, including the
question of ownership.

SAME.—*Regularity of Proceeding.*—*Bond.*—*Consideration.*—*Estoppel.*—*Princi-
pal and Surety.*—The plaintiff in an action of replevin, and his sureties,
are estopped to deny the regularity of the proceeding, or to say that
there was no consideration for the bond executed by them to secure pos-
session of the property.

SAME.—*Delivery.*—The delivery of the property to the plaintiff in an action of replevin is a sufficient consideration for the bond given to secure possession.

SAME.—*Evidence.*—*Proof of Contents of Writ by Parol.*—Where the contents of a writ are proved by parol evidence, without objection, that method of proof is sufficient.

From the Shelby Circuit Court.

*B. F. Love, L. F. Wilson* and *J. B. McFadden,* for appellants.

*T. B. Adams, L. T. Michener* and *G. M. Wright,* for appellees.

ELLIOTT, C. J.—The appellees filed an amended complaint after the appellants had filed answers, and it is insisted that this took from the record the answers, because they were not afterwards re-filed. We can not concur in this view. We think that the appellees tried the case upon the theory that the answers were addressed to the complaint as amended, and by that theory they are bound. *Carver* v. *Carver,* 97 Ind. 497.

It would be unjust to permit a plaintiff, by an amendment to his complaint, to deprive a defendant of the benefit of rulings upon demurrers to his answers, without first insisting that the amended complaint be answered. If the plaintiff desires any advantage from such a proceeding, he must make the question in the trial court.

The form of the demurrer to the appellants' answers, omitting the formal parts, is this: "That neither of said paragraphs states facts sufficient to constitute a defence to plaintiffs' complaint." This was sufficient, in the absence of any objection, to present the question of the sufficiency of the answers to the trial court. *Pace* v. *Oppenheim,* 12 Ind. 533; *Stanley* v. *Peeples,* 13 Ind. 232; *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435.

The appellees' complaint is upon a lost replevin bond. The sixth paragraph of the joint answer avers that the property in controversy in the replevin case is not, and never was,

owned by the appellees. The judgment in the replevin action was undoubtedly conclusive as to all the questions litigated, or that might have been litigated under the issues, and one of these was the question of ownership. This question, as well as that of the right of possession, was litigated, as the complaint affirmatively shows. *Fischli* v. *Fischli*, 1 Blackf. 360; *McFadden* v. *Ross*, 108 Ind. 512.

The complaint avers, and the answer admits, for it does not deny, that the appellees were adjudged to be the owners of the property, so that there was an adjudication of the right of ownership.

Appellants insist that the answer was good in mitigation of damages; but it is evident from what we have said, that this is a mistake. If, however, we were wrong in holding that there is a former adjudication, still there could be no reversal, because, if evidence in mitigation of damages was admissible at all, it was admissible under other paragraphs of the answer. *Wiseman* v. *Lynn*, 39 Ind. 250. Where evidence in mitigation is admissible under paragraphs left standing, an error in sustaining a demurrer to another paragraph pleading facts in mitigation of damages is harmless.

The facts stated in the special finding are substantially these: McFadden was the administrator of the estate of Joseph Nichols, deceased, and, on the 26th day of January, 1880, filed a complaint in replevin. At the time of the filing of this complaint the property was in McFadden's possession, under a writ of replevin, issued in an action brought by his intestate against Fertig and others. Nichols died after the action was commenced. After the death of Nichols, McFadden, as administrator, dismissed the action brought by Nichols, and instituted the one in which the bond sued on was executed. The same day that the action brought by Nichols was dismissed, McFadden notified one of the appellees' attorneys that he intended to institute an action of replevin, and it was then agreed that the property should remain in McFadden's possession, in order to dispense with a delivery and

a demand. The property did remain in his possession. Upon the filing of the complaint by McFadden, he obtained a writ of replevin, and on the same day delivered to the sheriff the undertaking on which this action is founded. Issues were formed, a trial had, and judgment was rendered that the defendants " in the replevin action were the owners of the property and entitled to the possession of it." Its value was assessed at one hundred and forty-one dollars.

We are clearly of the opinion that the special finding shows an adjudication upon the question of ownership. It will not do to say that the question was outside of the issues, for it might have been made a question, and we must presume that it was made a question by the pleadings. The fact that the special finding recites that McFadden asked possession merely, does not alter the case, for the defendants had a right to set up ownership in themselves. But if there had been no former adjudication the conclusions of law are right, because, if McFadden did not return the property of which he had unlawful possession, he and his sureties were liable for its value.

McFadden and his sureties are estopped to deny the regularity of the proceedings in the action of replevin instituted by him. *McFadden* v. *Ross, supra.* They can not be heard to say that there was no consideration for the bond executed by them to secure the possession of the property. But there was a consideration for the bond, and that was, the delivery to McFadden, under the writ, of the property which he claimed. The agreement with the defendants' attorney did not give him possession under the writ, but simply dispensed with a delivery of the property in order to prevent two transfers. McFadden got all the consideration he contracted for, and that is sufficient. *Wolford* v. *Powers,* 85 Ind. 294, and cases cited.

It is a familiar rule of evidence, that it is sufficient if the substance of the issue be proved, and that was certainly done in this case. It was shown that the bond and writ were lost, and James L. Capp testified : " McFadden and Nichols gave

me the writ in this case, and told me to take the property. I got the writ and bond from McFadden, near Cochran's place of business. I wished to get the property mentioned in the writ of replevin."

This testimony, taken in connection with the bond and the other papers in the .case, the evidence of the agreement of McFadden as to the possession of the property, and the evidence as to the loss of the writ and the bond, supplied grounds for inferring that a writ of replevin was issued and placed in the hands of the sheriff, and this is sufficient to sustain the finding. *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442, p. 456, and cases cited; *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 Ind. 476.

The parol evidence tends to prove the contents of the writ, and as there was no objection to this method of proof it must be deemed sufficient. *Riehl* v. *Evansville, etc., Ass'n,* 104 Ind. 70; *Stockwell* v. *State, ex rel.,* 101 Ind. 1.

Judgment affirmed.

Filed Feb. 3, 1887; petition for a rehearing overruled April 20, 1887.