Graves v. The State.

Filed Dec. 20, 1889.

| | |
|---|---|
| 121 | 357 |
| 121 | 513 |
| 121 | 357 |
| 127 | 225 |
| 121 | 357 |
| 130 | 69 |
| 121 | 357 |
| 132 | 397 |
| 132 | 542 |
| 121 | 357 |
| 135 | 575 |
| 121 | 357 |
| 137 | 287 |
| 121 | 357 |
| 148 | 327 |
| 121 | 357 |
| 165 | 402 |
| 165 | 568 |

No. 15,238.

## GRAVES v. THE STATE.

CRIMINAL LAW.—*Larceny of Money.*—*Objectionable Evidence.*—*Admission of.*—*Effect.*—*Appeal.*—In a prosecution for larceny of money, where the prosecuting witness is permitted to testify, without objection, that the money stolen was "good and lawful money of the United States," other witnesses having testified that they saw the accused with paper money, the jury is warranted in drawing the inference that the wit-

ness meant treasury notes and greenbacks, and a judgment of guilty will not be disturbed on appeal.

SAME.—*Evidence.*—*Sustaining Verdict on Appeal.*—Where objectionable evidence is permitted to go to the jury without objection, and it is such as will prove a fact, a verdict founded on it will be sustained.

From the Vigo Circuit Court.

*T. W. Harper,* for appellant.

*L. T. Michener, Attorney General,* and *J. H. Gillett,* for the State.

ELLIOTT, J.—The evidence very satisfactorily shows that the appellant feloniously took from the safe of John F. Ferguson various sums of money at different times, amounting in the aggregate to more than four hundred dollars, but the only evidence of the kind of money taken is that of Ferguson, who said that it was " good and lawful money of the United States." This evidence was not objected to when it was offered, nor was any question made as to its competency until the court came to instruct the jury, and no question is made upon the instructions given or refused. Other witnesses testified that they saw the accused with paper money, but none of them give a description of it farther than to say that he asked for change for a ten-dollar bill and a twenty-dollar bill. Ferguson also testified on cross-examination, in answer to the question, " what kind of money was it? " " I got it from Kuhns, Bartlett & Co. It was good enough to buy corn with."

As there was no objection to the competency of the evidence it was proper to permit the jury to act upon it. The rule declared by our own and other courts is, that where evidence which is objectionable is permitted to go to the jury without objection, and it is such as will prove a fact, a verdict founded on it will be sustained. This is in harmony with the general rule substantially thus stated by some of the authorities: " A party objecting to a variance between the pleadings and the proof must make his objection at the proper time during the trial, and, if he does not, he can not

afterward avail himself of the objection." *Belknap* v. *Sealey*, 14 N. Y. 143; *Manice* v. *Brady*, 15 Abb. Pr. 173; *Shall* v. *Lathrop*, 3 Hill, 237; *Pike* v. *Evans*, 15 Johns. 213; *Doyle* v. *Mulren*, 7 Abb. Pr., N. S. 258. In *Roberts* v. *Graham*, 6 Wall. 578, the Supreme Court of the United States said: " The objection of a variance not taken at the trial, can not avail the defendant as an error in the higher court, if it could have been obviated in the court below; nor can it avail him on a motion for a new trial." This general doctrine was applied in a criminal case in *Cross* v. *People*, 47 Ill. 152 (95 Am. Dec. 474). We have often held that a verdict will be sustained on evidence which would have been excluded had proper objection been made. *Stockwell* v. *State*, 101 Ind. 1; *Riehl* v. *Evansville Foundry Ass'n*, 104 Ind. 70; *Yeager* v. *Wright*, 112 Ind. 230; *McFadden* v. *Fritz*, 110 Ind. 5; *Indiana, etc., R. W. Co.* v. *Finnell*, 116 Ind. 414, 422.

There was, therefore, evidence before the jury upon which they were authorized to act, and we can not say that they erred in deciding that when the witness testified that it " was good and lawful money of the United States," he meant treasury notes and greenbacks. *Hickey* v. *State*, 23 Ind. 21. Such notes are good and lawful money, and as such the subject of larceny. The evidence certainly supplied grounds for inferring that the money stolen was that described, and the description of property stolen may be proved by circumstantial or indirect evidence as well as any other fact. If the witness truly stated—and the jury had a right to believe that he did truly state the fact—that the money stolen was good and lawful money of the United States, it is difficult to perceive how they could draw any other inference, in view of the evidence that the money seen in the possession of accused was paper money, than that the money stolen was greenbacks and treasury notes.

In such a case as this, where the evidence that the property was stolen is clear and satisfactory, and some evidence is before the jury tending to prove the description of the

property taken, we do not feel justified in reversing the judgment. What was said in *Mergentheim* v. *State*, 107 Ind. 567, is of force here; " But the variance, if such it be, had reference only to a matter of unnecessary description ; and for a mere failure to prove with technical exactness an averment which was not necessary nor of the essence of the offence charged, we would not, under the rules governing appeals in criminal cases, be authorized to reverse." According to the rule declared in *Lewis* v. *State*, 113 Ind. 59, it is sufficient to describe the money stolen simply as money, and to prove the charge as laid by proving that it was money, and there is certainly such evidence here. We may appropriately repeat here what was said in *McQueen* v. *State*, 82 Ind. 72 : " It would be unreasonable to expect one who is robbed of money, or its representative, to give an accurate description of it, and it would render it almost impossible to convict a thief or a robber if courts should undertake to require the prosecutor in all cases to give a particular description of the money or note feloniously taken."

As the record stands and the question is presented, we feel bound to affirm the judgment.

