Filed Oct. 10, 1894.

---

### No. 1,119.

### THE PENNSYLVANIA COMPANY *v.* STANLEY.

DAMAGES.—*Lot Owner.—Closing Entrance to Alley.—Raising Grade of Street.—Railroad.—Deprivation of Property Right.—Access to Lots.*— Where the raise in the grade of a street in approaching a bridge across and over a railroad (made necessary by the bridge being raised by the railroad company) closed one end of an alley which was one of the ordinary means of access to lots abutting thereon, so as to create a physical disturbance of the right to use the alley as a means of access to his lots, thereby diminishing the value of the lots, the owner of such lots shared not only the inconvenience with the general public, but suffered an absolute deprivation of a property right inhering in him individually as the owner of the lots, and is entitled to damages from the railroad company.

TITLE.—*Parol Evidence.— When Sufficient to Establish.*—Where it is admitted that a person holds a warranty deed for lots, and was in possession of the same at the time of the injury complained of (the deprivation of a property right), and the property is referred to throughout the trial as his, and his title was not questioned during the trial, the fact of ownership is sufficiently established.

SAME.—*Parol Evidence of.*—While parol evidence of title to lands is not ordinarily the best evidence, yet when the proof of title is made by such evidence, without objection and without contradiction, it is sufficient.

From the Starke Circuit Court.

*A. Zollars,* for appellant.

*N. J. Bozarth,* for appellee.

GAVIN, J.—In 1854 the appellant's predecessor constructed its railway, crossing a highway which is now Joliet avenue, in the city of Valparaiso. There was a deep cut at the point of crossing, and the railroad company constructed a bridge and carried the highway over the railroad. Years after, the land adjoining the railroad was platted into lots, and a strip of ground sixteen feet wide, extending from Joliet avenue to Logan street, was left as an alley, which was used by the public and by appellee, who owned three lots which abutted on this alley, and were twenty or twenty-five rods from Joliet avenue.

In 1891, owing to the increased height of the cars used by the company, the bridge became too low, and dangerous. Appellant, therefore, erected a new bridge, raising it two and one-half or three feet higher than the old one. This made it necessary to raise the approaches at either end, in doing which, access to the alley from Joliet avenue was cut off by reason of the embankment erected on Joliet avenue. As a result, the value of appellee's property was seriously impaired.

In doing this work, appellant confined itself to the limits of the highway, and both the county commissioners and the common council of Valparaiso acquiesced therein. The work was done with proper care.

Appellant's position is thus stated by counsel: "We maintain, first, that in the raising of the bridge and approaches the company did no wrong for which it is liable to any one in any way; and, second, that if it did, appellee has suffered no injuries other than those suffered by the general public, and, therefore, can not maintain an action for damages in his own name."

The first proposition asserted is based upon the theory that appellant was authorized by law, R. S. 1894, section 3903, to change the grade of this highway in order

to restore it, as nearly as practicable, to its former state of usefulness, and the act being one authorized by law, no liability could follow from it.

In the case of *Egbert* v. *Lake Shore, etc., R. W. Co.*, 6 Ind. App. 350, it was decided by this court, after quite a full consideration, that the railroad company which raised a highway at its crossing, as it was by law authorized to do, was nevertheless liable to the individuals whose private property rights were encroached upon.

The authority granted by the Legislature to make the change of grade of the highway, relieves the company from liability for its acts so far as they affect the public rights, but does not excuse it from responsibility for damages inflicted upon individual and private rights. *Protzman* v. *Indianapolis, etc., R. R. Co.*, 9 Ind. 467; *Evansville, etc., R. R. Co.* v. *Dick*, 9 Ind. 433; *Indiana, etc., R. W. Co.* v. *Eberle*, 110 Ind. 542 (546); *Indianapolis, etc., Gravel Road Co.* v. *Belt R. W. Co.*, 110 Ind. 5; *Burkam* v. *Ohio, etc., R. W. Co.*, 122 Ind. 344; *Lamm* v. *Chicago, etc., R. W. Co.* (Minn.), 46 Am. & Eng. R. R. Cases, 42; *Buchner* v. *Chicago, etc., R. W. Co.*, 56 Wis. 403; *Buchner* v. *Chicago, etc., R. W. Co.*, 60 Wis. 264.

This principle has been recently applied by our Supreme Court in *Haggart* v. *Stehlin*, 137 Ind. 43.

Neither are we able to agree with the appellant's learned counsel that the injury to the appellee is in no way different from that suffered by the general public.

It is undoubtedly the law, as contended by counsel, that where the structure imposes no additional burden upon his soil, the right of the lot-owner to maintain an action for damages depends upon whether or not the occupation of the street results in damage peculiar to his property and different in kind from that which is suffered by the community in general. *Indiana, etc.,*

R. W. Co. v. Eberle, supra; Terre Haute, etc., R. R. Co. v. Bissell, 108 Ind. 113; Dwenger v. Chicago, etc., R. W. Co., 98 Ind. 153; McCowan v. Whitesides, 31 Ind. 235; Sohn v. Cambern, 106 Ind. 302; Sunderland v. Martin, 113 Ind. 411; Adams v. Ohio Falls Car Co., 131 Ind. 375; People's Gas Co. v. Tyner, 131 Ind. 277.

Under the facts of this case, however, there appears an injury peculiar to appellee's property, and different in kind from that inflicted upon the community in general.

It must be regarded as settled law in this State that the owners of lots abutting upon a street or alley have a peculiar and distinct interest in the easement in the street in front of their lots. Egbert v. Lake Shore, etc., R. W. Co., supra, and authorities there cited.

"This interest includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ordinary means of ingress to, or egress from, the lots." Indiana, etc., R. W. Co. v. Eberle, supra.

After a thorough and exhaustive discussion of the principles governing such cases, the court, in the case last mentioned, announced the following as its conclusion: "This much may, however, be said generally: Where the owner of a lot is entitled to exercise a right, which he possesses in common with  *  * and the exercise of which is necessary to the enjoyment of his property in the usual manner, in order to warrant a recovery for an invasion of such right, it must appear that the obstruction complained of presents a physical disturbance of the right so possessed, so as to prevent or impair its use in the manner in which it was  *  * actually used and enjoyed, and the disturbance of the right must have resulted in peculiar damage to and depreciation in the value of the property to which the right is appendant."

In *Decker* v. *Evansville, etc., R. W. Co.*, 133 Ind. 493, the law is thus declared: "The location and operation of a railroad upon a public highway may occasion incidental inconvenience to an abutting landowner, but until it cuts off or materially interrupts his means of access to his property, or imposes some additional burden on his soil, his injury is the same in kind as the community in general."

We have here a lot or several lots, one of the ordinary means of access to which was by the alley in question. This alley the appellant closed at one end so as to cut off the entrance to it at that point, and thus "present a physical disturbance of the right" to use the alley. This act necessarily, directly and materially interfered with the ordinary and usual means of access to the lots. It is a matter of general knowledge that the alleys in the rear of town or city lots are usual means of reaching the lots for many purposes, and they ordinarily add to the value and convenience of the property. In this instance both the allegations and proof show a material diminution in the value of the lots by reason of the obstruction.

In order to authorize a recovery by appellee, it is not necessary that the obstruction should have been immediately in front of or touching upon his real estate. *Cook* v. *Mayor, etc.*, L. R. 6 Eq. 176.

If a man own an inside lot, it is plain that if the street is closed up at each end his means of ingress and egress to and from his lot are as effectually cut off as though the street were cut down or filled up immediately in front of and adjacent to his lot. While closing up one end of an alley does not shut the owner in as completely as by closing up both, it does largely deprive him of a usual means of access.

If there were any street or alley opening into the alley in question between the appellee's lots and Joliet avenue

where the obstruction was placed, we should have quite a different proposition, and the authorities relied on by appellant, most of which are cited in this opinion, would be more nearly applicable.

There is here not a mere inconvenience to the appellee in the exercise of a right shared in common with the general public, but an absolute deprivation of a property right inhering in him individually, as the owner of these particular lots.

Our conclusion, therefore, is that the appellee was rightly awarded damages.

Judgment affirmed.

Filed April 24, 1894.

### ON PETITION FOR A REHEARING.

GAVIN, J.—On petition for rehearing appellant's learned counsel urge anew that there was a failure to prove appellee's title to the lots damaged. The question was considered and passed upon at the former hearing, although not specially referred to in the opinion. In view of counsel's earnestness, we have again given it consideration.

It is conceded that appellee held a warranty deed for the lots, and was in the actual and open possession of them for several years prior to the building of the embankment, but counsel insist that this is not sufficient proof of ownership, saying: "It is well settled in this State that to establish such a title (a fee simple), the title must be traced back to its original source, or to a grantor in possession at the time he executed the deed."

In *Stockwell* v. *State, ex rel.*, 101 Ind. 1, it is said by a very excellent Judge (ZOLLARS) while passing upon the sufficiency of the evidence to prove title: "In the second place, the evidence is clearly sufficient to justify the inference, that at the time Hargrove executed the

mortgage, he was in open possession of the land under a deed from Key. Proof of this possession was *prima facie* enough to show that he was the owner." We are not required, however, to go so far. In this case there is in addition to possession under the deed, abundant proof by parol without objection that appellee owned the lots. A plat of the addition was introduced showing his name written across these lots. He speaks of them as "my property," "my place," says "I bought it," that there was a bridge there before he "owned the lots." He is asked and answers as to the value of "your property."

Witnesses are asked and answer as to what "Stanley's lots were worth before that alley was obstructed."

One witness is asked by appellant's counsel: "Q. Do you know how large Stanley's lots are? A. No, I never measured them;" and also: "Q. This space by the alley, 11, 12 and 13, are Stanley's lots? A. Yes."

It is needless for us to multiply similar instances of evidence in the record from which the jury was justified in finding appellee to be the owner of the property. There was no effort to dispute it on the trial. On the contrary, it was evidently regarded as a fact by both parties and witnesses.

While parol evidence of title to lands may not be, and ordinarily is not the best evidence, still when the proof is made by that class of evidence without objection, and without contradiction, the fact of ownership is thereby established. *Compton* v. *Ivey*, 59 Ind. 352; *Riehl* v. *Evansville Foundry Assn.*, 104 Ind. 70; *Stockwell* v. *State, ex rel., supra; McFadden* v. *Fritz*, 110 Ind. 1; *Yeager* v. *Wright*, 112 Ind. 230; *Graves* v. *State*, 121 Ind. 357.

Petition overruled.

Filed October 16, 1894.