# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

GEORGE W. GOODALL v. E. T. NORTON.[1]

December 5, 1902.

Nos. 13,160—(67).[2]

**Secondary Evidence.**

A fact may be established by secondary or incompetent evidence, if material, when it is received without objection.

**Payment by Check.**

Payment by check is not absolute, but conditional, unless expressly so agreed; but where a creditor receives a check, and agrees to credit the amount thereof, the burden is on him to show that the check was returned, or that it was not paid on due presentment.

**Question for Jury.**

The evidence herein as to a payment by check was sufficient to take the question to the jury, and it was error for the court to withdraw it from them.

Appeal by defendant from an order of the municipal court of Mankato, Shissler, J., denying a motion for a new trial. Affirmed, on conditions.

*A. E. Clark*, for appellant.

*W. R. Geddes*, for respondent.

START, C. J.

Action in the municipal court of the city of Mankato to recover $66.53, the balance of an account against the defendant in favor of T. R. Price, and assigned by him to the plaintiff.

[1] Reported in 92 N. W. 445.    [2] See note on page iv, supra.

The answer alleged, with other matters, that the defendant paid the account, except a balance of $14, to Mr. Price, before it was assigned. On the trial the defendant claimed that he had delivered to Mr. Price a check for $16.25 in part payment of the account, which he promised to credit thereon, but never did. The trial court instructed the jury to the effect that they must disregard the check, and not allow the amount thereof on the account. The defendant requested that the question of the payment of $16.25 by the check be submitted to the jury, which the court refused to do. The jury returned a verdict for the plaintiff for $55.83, and the defendant appealed from an order denying his motion for a new trial.

The sole question for our decision is whether the trial court erred in excluding the question of the payment by check from the consideration of the jury. If there was evidence in the case fairly tending to support the claim of the defendant, the question of the payment by check should have been submitted to the jury; otherwise not. We are of the opinion that the evidence made a case for the jury on this question. The defendant testified, without objection, that he had a check, which he had received from a railroad for boarding a surfacing gang; that he handed it to Mr. Price, and said to him:

" 'Here is a railroad check for $16.25. Give me credit for it on my account.' He said he would when he got to the store."

He further testified that he turned the check over to him, and had never seen it since. After the defendant had so testified, he was asked if anything more was said, and answered, "Not at that time." Then the following questions were asked and rulings made:

"Q. Was there anything said to him by you? A. I told him what the check called for,—$16.25. (Objected to by plaintiff as incompetent, irrelevant, and immaterial.) Geddes: I ask that the answer, '$16.25,' be stricken out, as stating contents of a written instrument. Court: I think it should be. (Exceptions by the defendant.) Q. You may go on, Mr. Norton, and repeat the whole conversation between Mr. Price and yourself. A. He was sitting in the barber chair. I put my name on this check, and said: 'Here is a check for $16.25.' I went in the bar-room, as I said before.

Tom was in the barber chair. I wrote my name on the back of the check, and said: 'There is a railroad check for $16.25. Give me credit for it on your books.' He said he would when he got to the store. Q. That was all you remember? A. That was all between him and me. Geddes: I ask that all that, 'I wrote my name on the back of the check, and said, "There is a railroad check for $16.25," ' be stricken out, as stating the contents of a written instrument. (Motion granted by the court.. Exceptions taken by the defendant.)"

A witness on behalf of the defendant testified as follows:

"Q. You heard the testimony yesterday of Mr. Price that he did not receive a railroad check in 1899 yesterday? A. Yes, sir. Q. And of your father that he did? A. Yes, sir. Q. Do you know anything of the transaction? A. Yes, sir. Q. Go on and state what you know. A. I was shaving Mr. Price in the bar-room when my father came in and gave him a check. He said it was a railroad check for $16.25. Geddes: I ask to have that stricken out about the amount. Q. You are simply telling the conversation now, aren't you? A. Yes, sir. He thanked him kindly, and said he would give him credit for the check when he went to the store."

Mr. Price testified that he never received the check.

Eliminating the evidence stricken out by the court, there remains enough to support a finding that the check was delivered, and received by Mr. Price, on his promise to credit the amount thereof on the account.

It is not entirely certain that the evidence received without objection as to the amount of the check was incompetent as secondary evidence, for the defendant's testimony related to what was said between the parties. But if it be conceded incompetent it was received without objection, and falls within the rule that a fact may be established by secondary or incompetent evidence if material, when it is received without objection. Webb v. O'Donnell, 28 Minn. 369, 10 N. W. 140; Teegarden v. Town, 50 Wis. 292, 6 N. W. 875; Moore v. McKinley, 60 Iowa, 367, 14 N. W. 768; Jaffray v. Thompson, 65 Iowa, 323, 21 N. W. 659.

It is true, as claimed by the plaintiff, that a payment by check is not absolute, but conditional, unless expressly so agreed. But where payment is made upon a debt by check, and the creditor agrees to credit the amount thereof, the burden is on him to show

that the check was returned, or that it was not paid on due presentment. Good v. Singleton, 39 Minn. 340, 40 N. W. 359; National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N. W. 342, 560. There was no evidence in this case on the part of the creditor tending to show that the check was never paid, or that it was returned. It follows that the trial court erred in its charge to the jury as to the alleged payment by the check.

It is therefore ordered that a new trial of this action be granted, unless the plaintiff, within ten days after the remittitur is filed in the municipal court, files his consent therein that $16.25 may be deducted from the amount of the verdict, in which case the order appealed from is affirmed, and judgment may be entered on the verdict as reduced.