## SIMMONS et al. v. STERN.

(Circuit Court of Appeals, Eighth Circuit.
November 13, 1925.)

No. 6984.

**1. Appeal and error ⬧882(11)—Defendants, who admitted execution of mortgage in answer, could not contend on appeal there was no proof of its execution or existence.**

In a foreclosure suit, defendants, who admitted in their answer the execution of the mortgage in question, could not contend on appeal that there was no proof of its execution or existence.

**2. Trial ⬧105(2)—Evidence stating opinion as to legal effect of mortgage, and which was secondary evidence, entitled to weight when unobjected to.**

Where plaintiff testified that he was mortgagee and payee in note and mortgage, identified the note, and testified that it was secured by mortgage, held, that such evidence, though merely stating an opinion of the legal effect of the instrument, and secondary evidence being unobjected to was entitled to weight according to its natural probative worth.

**3. Mortgages ⬧319(3)—Evidence held to overthrow presumption of delivery of release, and to require finding of no delivery.**

In suit to foreclose mortgage, evidence held to overthrow presumption of delivery of release arising from defendant's possession of the release, and to require finding that no delivery had been made.

**4. Interest ⬧29—New Mexico usury law as applied to mortgages securing notes limits rate of interest to 10 per cent.**

Laws N. M. 1919, c. 162, §§ 1, 2, relative to usury, limits legal rate of interest on note secured by mortgage to 10 per cent. per annum.

**5. Usury ⬧111(2)—Where usury apparent on face of obligation as set forth in pleading, it need not be further pleaded.**

While usury must be pleaded to be available generally, when it is apparent on the face of the obligation as set forth in plaintiff's pleadings, it is not necessary that it be further pleaded.

**6. Usury ⬧117—Prima facie proof of usury made, where plaintiff offered note in evidence which provided on face for interest in excess of legal rates.**

In a suit to foreclose a mortgage given to secure a note, held, that prima facie proof of usury was made when plaintiff offered in evidence a promissory note which contained on its face provisions for interest in excess of the legal rate.

**7. Appeal and error ⬧893(2)—An "appeal" in equity is a trial de novo.**

An "appeal" in equity is a trial de novo.

[Ed. Note—For other definitions, see Words and Phrases, First and Second Series, Appeal.]

**8. Appeal and error ⬧175—That usury question brought to court's attention held shown by determination allowing legal rather than rate of interest fixed in note.**

That trial court in suit to foreclose a mortgage allowed interest on note at rate of 10 per cent., instead of 12 per cent., as provided in the note itself, held to demonstrate that the question of the legal rate of interest was brought to trial court's attention.

**9. Usury ⬧130—Purchaser of land, who did not agree land was subject to mortgage, may set up defense of usury.**

The purchaser of property, who has not estopped himself from making the defense of usury, may set up that defense in a suit for foreclosure of a mortgage on land conveyed to him, without any agreement by him that it should be subject thereto.

**10. Usury ⬧75—Where note was usurious, attorney's fees for its collection could not be recovered, though it contained agreement therefor.**

Where a note secured by mortgage was usurious, under Laws N. M. 1919, c. 162, §§ 1, 2, attorney's fees could not be recovered, though it contained an agreement to pay a reasonable attorney's fee.

**11. Usury ⬧125, 143—Effect of usury on plaintiff's recovery in a suit based on usurious note stated.**

Under Laws N. M. 1919, c. 162, §§ 1, 2, in suit on usurious note, defendant can recover his costs, and amount of recovery by plaintiff is limited to principal of note less amount of interest unpaid, computed to date of decree.

Appeal from the District Court of the United States for the District of New Mexico; Orie L. Phillips, Judge.

Foreclosure suit by Nathan Stern against Seth K. Simmons and others. From a decree ordering sale of mortgaged premises, defendants appeal. Decree modified and affirmed.

F. A. Catron, of Santa Fé, N. M. (C. C. Catron, of Santa Fé, N. M., on the brief), for appellants.

Francis C. Wilson, of Santa Fé, N. M., for appellee.

Before LEWIS and KENYON, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This appeal is taken from a decree of foreclosure of a mortgage upon land in New Mexico. The plaintiff filed a bill alleging the execution and delivery to the plaintiff of a mortgage by the defendants Seth K. Simmons and Em May Weaver Simmons upon the land in question, to secure the payment of a promissory note for the sum of $5,000. The note was dated at Santa Fé, N. M., and promised to pay to the order of the plaintiff

$5,000, at Santa Fé, three years after date, with interest at 12 per cent. per annum from the date of the note until it was paid, the interest being payable semiannually. The note was signed by the defendants Seth K. Simmons and Em May Weaver Simmons. J. J. Simmons was made a party defendant; the bill alleging that he was in possession of the land, claiming title thereto by reason of a deed from the other defendants executed subsequently to the date of the mortgage. The execution of the note and mortgage was admitted in the answers of Seth K. Simmons and Em May Weaver Simmons, but was denied in the answer of J. J. Simmons. The answers alleged that the plaintiff had executed and delivered a release of the mortgage, which had been duly recorded, set forth the deed of conveyance from the other two defendants to J. J. Simmons at a time subsequent to the recording of the plaintiff's mortgage, and denied the allegations in the bill as to the amount claimed to be due. At the trial of these issues evidence was offered on behalf of plaintiff and the defendants. The court found that the amount due upon the note secured by the mortgage was the amount stated therein as the principal, with interest at the rate of 10 per cent. from the date of the note until the date of the decree, and allowed an additional sum as attorney's fees to the plaintiff. A sale of the mortgaged premises was ordered in satisfaction of the amounts found due. From this decree the defendants have prosecuted this appeal.

[1, 2] 1. Appellants' first contention is that there was no proof of the execution or existence of the mortgage. The objection is not maintainable on behalf of Seth K. Simmons or Em May Weaver Simmons, because the execution of the mortgage was admitted by the answer. It was denied by J. J. Simmons, although his answer also pleaded that the mortgagee had executed and delivered to the mortgagors a release of the mortgage. It is said that the mortgage was not offered in evidence. The certificate of the trial judge to the transcript of the evidence does not state that it is a complete transcript of all the evidence given (see equity rule No. 75), but states that it contains all of the evidence material to hearing the appeal; but it appears from the transcript that a copy of the alleged mortgage was attached to the plaintiff's bill, and the plaintiff was called as a witness and testified, without objection, that he was the mortgagee, the payee in the note and mortgage set up as an exhibit and made a part of the complaint, identified the note,

9 F.(2d)—17

which was then offered in evidence, and again testified, without objection, that it was secured by the mortgage described in the bill of complaint.

This testimony tended to identify the plaintiff as the payee named in the note and mortgage, and to show the fact of the existence of a mortgage, duly executed, having the terms and conditions of the instrument attached as an exhibit to the plaintiff's bill. This testimony stated an opinion of the legal effect of the instrument and was secondary evidence of the writing itself, but when such testimony is given without objection it is to be considered, and to be given weight according to its natural probative effect, as if it were legally admissible. This is the general rule as to the effect as proof when no objection is made, of evidence such as hearsay, Schlemmer v. Buffalo, Rochester, etc., Ry., 205 U. S. 1, 9, 27 S. Ct. 407, 51 L. Ed. 681; Diaz v. United States, 223 U. S. 442, 450, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138; Rowland v. St. Louis & S. F. R. R. Co., 244 U. S. 106, 108, 37 S. Ct. 577, 61 L. Ed. 1022; Spiller v. Atchison, T. & S. F. Ry. Co., 253 U. S. 117, 130, 40 S. Ct. 466, 64 L. Ed. 810; Central R. Co. of New Jersey v. Sharkey, 259 F. 144, 146, 170 C. C. A. 212; legal conclusions, Young v. McKee, 13 Mich. 552, 554; Graves v. State, 121 Ind. 357, 358, 23 N. E. 155; Pennsylvania Co. v. Stanley, 10 Ind. App. 421, 427, 37 N. E. 288, 38 N. E. 421; Webb v. O'Donnell, 28 Minn. 369, 370, 10 N. W. 140; Iowa Business Men's Building & Loan Ass'n v. Fitch, 142 Iowa, 329, 335, 120 N. W. 694; and secondary evidence of the contents of written instruments, United States v. McCoy, 193 U. S. 593, 598, 24 S. Ct. 528, 48 L. Ed. 805; Kansas City So. Ry. v. Albers Comm. Co., 223 U. S. 573, 596, 32 S. Ct. 316, 56 L. Ed. 556; Board of Sup'rs v. Thompson, 122 F. 860, 863, 59 C. C. A. 70; In re A. O. Brown & Co. (D. C.) 189 F. 432, 437; Damon v. Carroll, 163 Mass. 404, 408, 409, 40 N. E. 185; Jouanneau v. Shannon, 4 La. Ann. 330, 331; Packwood v. White, 7 La. Ann. 31, 33; Ryan v. Young, 147 Ala. 660, 668, 41 So. 954; McFadden v. Fritz, 110 Ind. 1, 5, 10 N. E. 120; Riehl v. Evansville Foundry Ass'n, 104 Ind. 70, 74, 3 N. E. 633; Goodall v. Norton, 88 Minn. 1, 3, 92 N. W. 445; Moore v. McKinley, 60 Iowa, 367, 373, 14 N. W. 768; Beckham v. Cayton (Tex. Civ. App.) 262 S. W. 840; 23 Corp. Jur. 39.

When testimony is given, without objection, by one who claims to own a note and mortgage, of such ordinary facts and

opinions as the existence and character of such instruments, and the accuracy of a written copy of them, it may be said, in the language of this court in George Adams & Frederick Co. v. South Omaha Nat. Bank, 123 F. ·641, 649, 60 C. C. A. 579, 587: "When, therefore, convincing testimony like that under consideration, which no one in the ordinary transactions of life would feel inclined to distrust, is offered and admitted, one who invokes the aid of some technical rule of evidence to secure its exclusion, and thereby suppress the truth, should see to it that his objection is made in due form, at the proper time, and that his exception is properly taken and assigned, if, on account of the admission of such testimony, he expects to ·secure a reversal of the judgment by an appellate court."

[3] 2. One of the defenses pleaded was the execution and delivery by the plaintiff of a release of the mortgage. The execution of the release was admitted, but the plaintiff denied that it had been delivered. Evidence was given upon this issue, and the court found that no delivery of the release had been made. It is claimed that this conclusion is not supported by the evidence. J. J. Simmons purchased the land after the mortgage had been recorded, did not. undertake to plead or prove that he was a bona fide purchaser without notice of this mortgage, and on the trial admitted that he took his deed with notice of the mortgage. The defendants relied on a presumption of delivery of the release, arising from possession of the release, and ·from the fact that it was recorded. The testimony showed that the release was executed by the plaintiff and was placed in the possession of the plaintiff's attorneys, so that it could be delivered to the mortgagor without delay, if he should be able to pay the debt. In some manner the release came into the possession of the officer of a bank at Santa Fé, N, M., and was delivered by· him to J. J. Simmons. The evidence is undisputed that the plaintiff never delivered the release to the defendants nor to any of their agents, to the bank officer, or to any one except the plaintiff's attorneys, nor authorized such delivery to be made. The evidence overthrew the presumption of delivery, and justified and required the finding that no delivery had been made to the defendants.

[4] 3. The appellant claims that the amount found to be due upon the note and mortgage is too large, because the loan was usurious. The decree allowed the plaintiff to recover interest upon the note and mortgage, not at the rate of 12 per cent., as provided by the note, but at the rate of 10 per cent. per annum from the date of the note to the date of the decree. Sections 1 and 2 of chapter 162, Sessions Laws of New Mexico 1919, p. 343, provide as follows:

"Section 1. Any rate of interest not exceeding ten per centum per annum agreed to by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive any money, goods or things in action or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or things in action than ten per centum per annum: Provided that a minimum charge of one dollar ($1.00) may be made for interest where the said rate fails to aggregate said sum.

"Sec. 2. If a greater rate of interest than is hereinbefore, in section 1, allowed, shall be contracted for or received or reserved, the contract shall not therefore be void; but in any action on such contract, proof may be made that a greater rate of interest has been directly or indirectly contracted for or taken or reserved, and the plaintiff shall recover only the principal less the amount of interest accruing thereon at the rate contracted for, and the defendant shall 'recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of interest paid and less the amount of all accrued and unpaid interest."

Section 1 of this act, as construed and applied by the Supreme Court of New Mexico, in suits for foreclosure of real estate mortgages executed by the maker of a promissory note as security therefor (American Inv. Co. v. Lyons, 29 N. M. 1, 218 P. 183; American Inv. Co. v. Roberts, 29 N. M. 99, 218 P. 1037), limits the legal rate of interest which can be contracted for a loan of money, such as is represented by the note and mortgage sued upon, to 10 per cent. per annum.

[5] The appellee claims that the defense of usury was not pleaded in the answers, nor otherwise brought to the attention of the court. While it may be stated that the general rule is that the defense of usury must be pleaded to be available, the exception is well established that, when 'the usury is apparent on the face of the obligation as set forth in the plaintiff's pleading, it is not necessary that the defendant should plead that which the plaintiff has already pleaded. United States Bank v. Waggener, 9 Pet. 379, 399, 9 L. Ed. 163; Shealy v. Toole, 56

Ga. 210; Jordan v. Warner's Estate, 107 Wis. 539, 558, 83 N. W. 946; Hamill v. Mason, 51 Ill. 488, 490; Davis v. Tandy, 107 Mo. App. 437, 447, 81 S. W. 457; Turner v. Turner, 80 Va. 379, 381; Phelps v. Pierson, 1 G. Greene (Iowa) 121, 125, 126; 39 Cyc. 1040.

[6-8] Section 2 of the statute, as quoted above, provides that, in any action on a contract of this nature, proof may be made that more than the legal rate has been taken or reserved. Prima facie proof of the fact was made in this case, when the plaintiff offered in evidence the promissory note. There was no dispute as to the execution of the note or its terms. An appeal in equity is a trial de novo (Dower v. Richards, 151 U. S. 658, 663, 14 S. Ct. 452, 38 L. Ed. 305; Central Improvement Co. v. Cambria Steel Co., 210 F. 696, 700, 127 C. C. A. 184; Anderson v. Hultberg, 247 F. 273, 279, 159 C. C. A. 367; Unkle v. Wills [C. C. A.] 281 F. 29, 34; Emerson-Brantingham Implement Co. v. Johnson [C. C. A.] 1 F.[2d] 212); but the question of the legal rate of interest was necessarily brought to the attention of the trial court in its determination of the amount of recovery allowed to the plaintiff, and is demonstrated by the fact that the court allowed interest at 10 per cent. per annum, instead of at the rate of 12 per cent. per annum, which was the rate fixed by the note.

[9] The land was conveyed by the mortgagors to J. J. Simmons by a deed with a covenant of warranty. There was neither pleading nor proof that the deed was taken under any agreement that it should be subject to the plaintiff's mortgage, or that the amount of the mortgage was deducted from the purchase price of the land, or that any form of estoppel existed against the defense of usury. The cases are in division as to the right of a vendee of land to defend, upon the ground of usury, against a mortgage executed by his vendor upon the land (3 Jones on Mtgs. § 1493; Wiltsie on Mortgage Foreclosure, § 411; 39 Cyc. 1067, 1068); but the rule in the federal courts, agreeing with the rule announced by the decisions of many courts of last resort, is that the purchaser, who has not estopped himself from making a defense of usury, may set up that defense in a suit for foreclosure of the mortgage upon land, conveyed

to him (Lloyd v. Scott, 4 Pet. 205, 230, 7 L. Ed. 833).

[10, 11] The note contained an agreement to pay a reasonable attorney's fee, in addition to the principal and interest of the note, if the note should be placed in the hands of an attorney for collection, or if it should become necessary to collect it by suit. The court allowed plaintiff an attorney's fee of $500 as a part of his recovery. Appellant claims that the provision of the statute, which has been quoted, that "the plaintiff shall recover only the principal less the amount of interest accruing thereon at the rate contracted for," prevents the recovery of attorney's fees in this case. The words of the statute limit the recovery upon a loan of money, in case usury has been contracted for, to a definite portion of the principal loaned, and do not include recovery for the expenses of the litigation, although the borrower contracted to pay them, in case attorneys were employed to collect the debt, and allow the defendant to recover his costs. Sections 1 and 2 of the statute of New Mexico, which have been quoted, are substantially the same in general phraseology as sections 2 and 5 of the act of the Legislature of Washington (Sess. Laws Wash. 1895, pp. 349, 350). The Supreme Court of Washington has held that the words of the statute of that state require, in cases of this kind, that the defendant recover his costs, that no attorney's fees may be allowed to the plaintiff, and that the amount of recovery be limited to the amount of the principal of the note, less the amount of interest unpaid, computed to the date of the decree. Libert v. Unfried, 47 Wash. 186, 193, 91 P. 776; Lay v. Bouton, 73 Wash. 372, 379, 131 P. 1153; H. A. & L. D. Holland Co. v. Aitken, 98 Wash. 107, 111, 167 P. 109.

The decree should be modified, so that the amount of recovery be limited to the principal sum of $5,000, less an amount of interest computed on the sum of $5,000 at the rate of 12 per cent. per annum from the date of the note to the date of the entry of the modification of the decree, and striking from the decree the allowance of an attorney's fee to the plaintiff, and allowing the defendants to recover their several costs from the plaintiff; otherwise, to be affirmed.

A mandate will be issued accordingly.