HATTERSLEY, PLAINTIFF IN ERROR, v. BURROWS ET AL., DEFENDANTS IN ERROR.

1. PRACTICE.

Although a complaint may have been subject to a special demurrer because a material fact was not averred with technical precision, yet if the defendant having joined issue, simply objects at the trial to the introduction of proof, the objection does not come in apt time or form.

2. APPELLATE PRACTICE—OBJECTIONS.

Questions touching the admissibility of parol evidence of the terms of a written instrument, must be preserved by proper objections whenever the objectionable testimony is offered.

3. EVIDENCE.

While the record of an action between the plaintiffs and others by which their title to property in question was established *inter parties* might not be admissible against one who was not a party to that action, yet, when he himself offers it upon the trial of another action, it may be regarded as satisfactory evidence of their ownership.

4. JUDGMENT, WHEN NOT A BAR.

A judgment against one trespasser which has not been satisfied is not a bar to a suit against another trespasser to recover for the same wrong.

*Error to the District Court of Ouray County.*

Mr. J. E. HAVENS, and Mr. W. B. THOMPSON, for plaintiff in error.

Messrs. STORY & STEVENS, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

This case was tried by the court which found the facts

according to the contention of Burrows and his coplaintiffs. There is nothing in the record to justify us in refusing to adopt this result. The facts will be accepted as determined by the judgment, and those only will be stated which are essential to a clear conception of the controversy and the decision.

In 1887, Burrows and his coplaintiffs were owners of three mining claims on Mt. Sneffles, in Ouray county, Colorado. In November, they executed to Buschman and the parties interested with him a lease and an option, which gave the lessees the right to occupy and develop the claims, and a subsequent right to purchase the property upon the terms named. One of the considerations for the arrangement was the purchase and placing by the obligees of certain milling and mining machinery for the development and operation of the property. The agreement provided that whatever personal property should be put on the claims during the life of the lease and the bond should become the property of Burrows and his coplaintiffs, if the option was not exercised and the property was not purchased. The lessees went into possession, seem to have organized the Ruby Trust Mining and Milling Company, and brought and placed on the claims a large amount of machinery, tools, timbers and other mining material essential to the enterprise.

In July, 1889, either by lapse of time, or the acts of the parties, the option expired. Subsequent to this time, the personal property was by Hattersley, and some other parties in interest, removed from the claims and taken to a mining town some two or three miles below. While the property was there and apparently in the possession of the Ruby Trust Mining and Milling Company, its creditors levied writs on it to enforce the collection of claims which they held against the corporation. Burrows and the other owners intervened, established their title to the property, got judgment for its return or its value, which was found to be about ten thousand dollars. It would seem that during the process of the removal and storage and litigation, considerable of it was

lost and injured, and the present suit was brought to recover the damages resulting from the trespass of which these items evidently formed a part. On the trial of the present case, Hattersley, the plaintiff in error, introduced the record of that judgment, apparently in support of his contention that the plaintiffs could not recover in this suit since they had elected to assert their rights in the other. The plaintiffs attempted by parol testimony to prove the agreement which they had made with Buschman and his colessees, although it transpired that the agreement was in writing. One of the errors argued springs from this proceeding because objection was made to the introduction of such proof concerning the contents of the instrument. One of the witnesses, however, Mr. Story, was permitted without objection to testify to the entire transaction and to state the contents of the written agreement. The complaint originally filed by Burrows set out a history of the transaction, and gave a full statement of the source and character of the title. Issue was taken and when the cause came to trial the defendants objected to the introduction of any testimony, apparently on the hypothesis that the complaint was not aptly drawn to charge the defendant with the trespass. Leave to amend was asked and granted, and the plaintiffs then filed an amended complaint alleging their ownership and the wrongful removal of the personal property and their damage. The defendant did not object to the amendment and it was filed.

One of the principal errors assigned relates to the action of the court in permitting the amendment to be made, and the case to be tried on the issue thereby tendered. It is contended that the amendment totally changed the cause of action as originally stated, and that the plaintiff was without right to declare in the first instance upon a covenant in writing, allege a breach, aver damages, and then, even by permission, change his complaint into one of trespass on the case, alleging the wrongful removal of personal property and the resulting damage. There are two answers to the assignment. The first is that the original complaint was

not an action in covenant, but like the second was an action on the case to recover for the injuries resulting from the removal of the property. The original pleading contained some unnecessary averments, and stated many things with unnecessary particularity, but in reality only amounted, under our system, to a statement of the facts out of which the plaintiffs' cause of action arose. The second pleading was almost as brief as a common law declaration in trespass on the case, but was ample to permit the plaintiffs to introduce all the evidence essential to a recovery. The plaintiff in error charges that even though it be conceded that in form the second complaint declared in trespass it lacked an essential allegation, to wit: an averment of the right of property or the right of possession in the plaintiffs. This cannot be conceded. Both possession and property are, as we view it, sufficiently averred, although perhaps not with technical precision and absolute perspicacity, yet sufficiently to uphold a judgment which is supported by proof both of possession and of title. If it should be conceded that on a special demurrer raising this precise question, the plaintiffs might be forced to amend, yet when the defendant took issue and simply objected to the introduction of proof, the objection did not come in apt time nor in apt form. If it be conceded to have been sufficient in form, it is doubtful whether, after accepting the decision of the court on the question and the issue proffered, he may enter on the trial, produce his evidence, and then he heard to raise this question when there is in the record enough to support the judgment. In any event, it is our conclusion that the pleading was sufficiently accurate to warrant the introduction of evidence, and since the court found that this entitled the plaintiffs to their judgment, we are not inclined to disturb it.

Hattersley likewise insists that there was no evidence of title to justify the recovery, since the plaintiffs failed to introduce their written evidence of ownership, to wit: the lease and the option which provided that the title to the personal property should revert to them in case the option

was not exercised. There are several answers to this objection. The terms of the option were proven without objection by one witness, and this of itself would sustain the judgment, even though we might regard the objection originally interposed to be well taken. To be available, such questions must be preserved by proper objections whenever the objectionable testimony is offered. The defendant helps to extricate the plaintiffs from their difficulty by the introduction of the record of the case of the San Juan Hardware Company against the Ruby Trust Mining and Milling Company, in which suit the title of Burrows and his coplaintiffs was established. While possibly the plaintiffs might not have introduced that record for the purpose of establishing their title as against Hattersley, who was not a party to the record, yet when he himself offers it, we are quite at liberty to accept the finding as very satisfactory evidence that Burrows and Company owned the property. We cannot concede that the error laid on the basis of this record can be upheld. It is insisted in the argument that since the plaintiffs intervened in that suit and obtained a judgment affirming their title and likewise had a recovery against the attaching creditors for the value of what was seized, they are thereby precluded from maintaining the present action. The remedies are not inconsistent, and when once it is conceded that this is an action of trespass as we have established, there remains no question as to the right of the owners to maintain as many suits as they choose against any trespassers on the property, and neither the suit nor any judgment in any suit can be pleaded in bar of the present action. Of course, it is true that a recovery followed by satisfaction is always pleadable in bar, but it is equally well settled that a judgment against one trespasser is no bar to a suit against another trespasser to recover for the same identical wrong. According to the complaint and the judgment of the court, Hattersley took the property from the mining claims and he thereby occasioned damage to Burrows and his coplaintiffs in the sum for which judgment was rendered. This was

both legitimate and proper, the action was maintainable and the plaintiffs were entitled to enforce their judgment.

Some other questions are discussed in the briefs, but these are the only ones of sufficient importance to justify a discussion, or which would be sufficient to warrant us in disturbing the judgment, if it were conceded that they were established. The others, if they exist, are harmless, and they therefore need not be considered.

We perceive no errors in the judgment, which will accordingly be affirmed.

*Affirmed.*