## STRAYHORN *v.* McCALL.

### Opinion delivered March 17, 1906.

1. STATUTE OF LIMITATIONS—PLEADING.—When relied on as a defense, the statute of limitations must be pleaded in equity as well as at law. (Page 210.)

2. SAME—SUFFICIENCY OF PLEA.—In a suit to foreclose a mortgage an answer alleging that "no credits were entered on the margin of the mortgage" is not sufficient as a plea of the statute bar. (Page 211.)

3. MORTGAGE—ASSIGNMENT BY AGENT—PRESUMPTION.—Where an assignment of a mortgage was executed by an agent for the benefit of the holder of the mortgage, it will be presumed that the agent had authority to execute the assignment until the contrary is made to appear. (Page 212.)

4. EVIDENCE—TRANSACTIONS WITH AND STATEMENTS OF DECEASED.—It is only as to transactions with or statements of the deceased that the opposite party is rendered incompetent to testify, under· Const. 1874, Sched., § 2. (Page 212.)

5. APPEAL IN CHANCERY CASE—PRESUMPTION AS TO EVIDENCE.—On appeal a chancellor is presumed to have reached his conclusion upon competent testimony only, and to have disregarded any incompetent testimony. (Page 212.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

J. E. McCall was the owner of a quarter section of land in Yell County, which he occupied as his homestead, and on January 20, 1888, he borrowed $300 from Mattie L. Freeman, and execu ed to her a note for that sum, payable two years after date with interest, and a mortgage on said land to secure the payment of said note. He died in 1896, and the land was sold by appellee, Strayhorn, as the administrator of his estate, under order of the probate court, for the purpose of raising funds to pay debts, and M. C. Perry, the wife of a judgment creditor, became the purchaser. P. J. McCall, a son of J. E. McCall, commenced this suit in equity against Perry, and the administrator, Strayhorn, alleging in his complaint that he purchased said land from his father, and in consideration·paid off said mortgage debt, and that the note and mortgage were duly assigned to him by the holder, Mattie L. Freeman, and that no part of said debt had ever been repaid to him. The prayer of the complaint was that the plaintiff's title to the land be quieted, or that the mortgage be foreclosed. The

14

mortgage and note were referred to in the complaint and exhibited therewith. They each have indorsed thereon the assignment of said Mattie L. Freeman by agent, W. H. Gee.

Defendant Perry filed a separate answer, in which she alleged that J. E. McCall paid a great part, if not all, of said mortgage debt to Mattie L. Freeman. She also denied that the plaintiff ever purchased the land from J. E. McCall, or held possession thereof before the death of J. E. McCall, or that the note and mortgage were ever assigned to plaintiff. The answer also contains an allegation "that no credits were entered on the margin of the mortgage executed by said J. E. McCall to M. L. Freeman," and that plaintiff held the mortgage for the purpose of defrauding the creditors of J. E. McCall. Mrs. Perry brought an ejectment suit at law to recover possession of the land, and by consent the two causes were consolidated. The chancellor found that there had not been sufficient change of possession to take the alleged purchase of plaintiff from J. E. McCall out of the operation of the statute of frauds, but found that the mortgage and note executed to Mattie L. Freeman had never been paid, and had been duly assigned to plaintiff, and entered a decree foreclosing same.

The defendants appealed.

*John M. Parker,* for appellant.

1. If P. J. McCall purchased from his father, the agreement being verbal, the sale was void. Kirby's Digest, § 3654. Being a homestead, the sale was invalid unless joined in by the wife. *Ib.* 3901; 57 Ark. 242.

2. The mortgage debt was barred, as against the estate of J. E. McCall. Kirby's Digest, § § 5069, 5070, 5399. The claim of P. J. McCall, if not barred, was fifth class, and subsequent to claims of Perry, etc. Kirby's Digest, § 110, fifth clause, and § 130.

3. The evidence of P. J. McCall was inadmissible. Sec. 2, Schedule, Const. Ark.

*Priddy & Chambers,* for appellee.

MCCULLOCH, J., (after stating the facts.) It is urged here that the chancellor erred in decreeing a foreclosure, because the debt was barred by limitation, but an examination of the plead-

ings fails to disclose a plea of the statute bar. The statute of limitations, when relied upon as a defense in suits in equity, as well as in actions at law, must be specially pleaded. *Wilson* v. *Anthony,* 19 Ark. 16. Chief Justice English in delivering the opinion of the court in the case just cited said : "The statute of limitation cannot be insisted on as a bar in equity without being pleaded or in some form relied on as a defense in the pleadings. (Citing *Hickman* v. *Stout,* 2 Leigh, 6; *Hudson* v. *Hudson,* 6 Munf. 356; *Dey* v. *Dunham,* 2 Johns. Ch. Rep. 191 ; *Crutcher* v. *Trabue,* 5 Dana, 82 ; *Whitney* v. *Whitney, Id.* 331 ; *Van Hook* v. *Whitlock,* 2 Edward. Ch. 307 ; *Prince* v. *Heylin,* 1 Atk. 494 ; *Colvert* v. *Millstead,* 5 Leigh, 88 ; *Maury* v. *Lewis,* 10 Yerger, 118; *Jones* v. *Chiles,* 4 J. J. Marsh. 610.) The reason of the rule is that the complainant should have notice of the defense, in order that he may have an opportunity of bringing his case within the exceptions of the statute by special replication, or, according to the modern practice, by an amendment of his bill, and not to be taken by surprise at the hearing." This view is sustained by more recent decisions. 13 Enc. Pl. & Pr., p. 183 ; *Thompson* v. *Parker,* 68 Ala. 388 ; *Lux* v. *Haggin,* 69 Cal. 255 ; *Brush* v. *Peterson,* 54 Iowa, 243 ; *Lawrence* v. *Rokes,* 61 Me. 38 ; *Wilkinson* v. *Flowers,* 37 Miss., 579 ; *Bruce* v. *Baxter,* 7 Lea (Tenn.), 477 ; *Gibson* v. *Green,* 89 Va. 524.

The language used by Judge Eakin in *Riley* v. *Norman,* 39 Ark., 158, appears to be against this view, but the learned judge seems to have been discussing the equitable doctrine of laches, rather than the statute of limitation, as the former doctrine was applied in that case in denying the relief sought. None of the elements upon which courts of equity apply the doctrine of laches are found in the case at bar. The defendant purchased the land from the administrator of J. E. McCall with full knowledge of the asserted claim of the .plaintiff. If the defendants intended to rely as a defense upon the fact that the debt secured by the mortgage was barred by limitation, the rules of good pleading, as well as fairness to the plaintiff, demanded that such intention should have been plainly manifested by an appropriate plea. Instead of doing so in this case, the defendants based their defense upon other grounds and said nothing about the statute of limitations. or the facts upon which the court could apply the statute. Noth-

ing appears in the answer from which the court could infer an intention to plead the statute bar except, possibly, the bare statement that "no credits were entered on the margin of the mortgage." This is not sufficient as a plea of the statute bar. The facts constituting the bar should have been set forth.

It is contended that the mortgage was not properly assigned to the plaintiff because the authority of the agent who made the assignment is not shown. The assignment was made for the benefit of the principal; she has not questioned it, and the authority will be presumed until the contrary is made to appear.

The defendant objected to the testimony of the plaintiff on the ground that it was a suit against the administrator, and that his testimony related, in part, to transactions with the deceased. For several reasons the testimony was not incompetent. The suit was against the purchaser of the land, and as to him the testimony was competent. *Nolen* v. *Harden,* 43 Ark. 307; *Lawrence* v. *LaCade,* 46 Ark. 378. The testimony, so far as it tended to sustain the relief granted by the court, did not relate to a transaction with the deceased, but to an independent transaction, *i. e.,* the assignment to him of the note and mortgage by the holder. It is only as to "transactions with or statements of" the deceased that the opposite party is rendered incompetent to testify. Const. 1874, sec. 2, Schedule.

Moreover, there was testimony of other witnesses bearing upon the issue sufficient to sustain the decree of the chancellor, and he is presumed to have reached his conclusion only upon competent evidence, and disregarded that part which was incompetent. *Niagara Fire Ins. Co.* v. *Boon,* 76 Ark. 153.

Decree affirmed.