ZIMMERMAN *v.* HEMANN.

Opinion delivered February 23, 1920.

1. GIFT—POSSESSION OF MONEY NOT PRESUMPTIVE OF GIFT.—Mere possession of money of a deceased person can not raise any presumption of a gift during deceased's lifetime.
2. WITNESSES—ACTION BY ADMINISTRATOR.—In an action by an administrator to recover money of the decedent, defendant was not a competent witness to prove that decedent had given him the money.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

STATEMENT OF FACTS.

F. H. Hemann, as administrator with the will annexed, of the estate of C. H. Hemann, deceased, brought this suit in the circuit court against Geo. F. Zimmerman to recover $1,200 with the accrued interest.

In his complaint he alleges that C. H. Hemann in his lifetime was the owner and in possession of $1,200 and delivered it to Geo. F. Zimmerman for safe-keeping. The complaint also alleges that since the death of C. H. Hemann the said Zimmerman has converted the money to his own use.

In the first paragraph of his answer the defendant denies that C. H. Hemann during his lifetime delivered to the defendant $1,200 for the purpose of safe-keeping, and denies that since the death of said Hemann he has converted the money to his own use. In another paragraph of his answer the defendant states that it is true

that C. H. Hemann during his lifetime was the owner and had in his possession the sum of $1,200, but he further states that the greater portion of the last years of C. H. Hemann's life was spent at the home of the defendant, whose wife was a daughter of the said C. H. Hemann. The defendant, further answering, states C. H. Hemann, as a reward for the kindness and courtesy shown him at the defendant's house, gave the defendant said money.

The defendant took the stand in his own behalf and testified that he was the son-in-law of C. H. Hemann, deceased, and that the latter died at his place in March, 1918. He was asked what C. H. Hemann did with the money which is being sued for in this action and answered that Hemann had buried it. He offered to testify further that Hemann during his lifetime gave to the defendant the $1,200 and delivered the same to him about two weeks prior to his death.

This testimony was objected to by the plaintiff, and the court refused to allow it to go before the jury. The court then directed a verdict for the plaintiff, and from the judgment rendered the defendant has appealed.

*Trimble & Trimble,* for appellant.

On the pleadings and evidence appellee was not entitled to judgment. The burden was on appellee, and and neither bailment nor conversion were proved. 157 N. Y. S. 184; 56 S. E. 642; 16 S. W. 386; 50 Mo. 362; 68 N. H. 173; 81 Conn. 403; 26 N. Y. S. 764; 10 R. C. L. 898; 16 Cyc. 932. Negative allegations must be proved where they constitute part of the original subsequent cause of action on which plaintiff relies. 16 Cyc. 27; 2 Enc. of Ev., 802.

*Carmichael & Brooks,* for appellee.

Defendant accepted the issue raised by the pleadings and contended that the receipt and retention of the money after demand justified as a gift *inter vivos* that the burden was on defendant. Having done so voluntarily, they can not now be heard to complain for the first time on appeal. 110 Ark. 176; 108 *Id.* 497. All presump-

tions are conclusively in favor of the judgment except what is affirmatively disproved by the record or what the court is bound to take notice of. 2 Ark. 14; 124 *Id.* 389. In actions by or against executors, adminstrators, etc., neither party can testify against the other as to transactions, etc., of the testator or intestate, unless called by the opposite party. 79 Ark. 69; Kirby's Digest, § 3093; 123 Ark. 274. The defendant is bound by the admissions of his pleadings and the objections and exceptions not noted of record nor incorporated in his motion for new trial are waived and questions of procedure not objected to and exceptions saved can not be raised here for the first time.

HART, J. (after stating the facts). The court was right in directing a verdict for the plaintiff. It is true both according to the allegations of the complaint and the averments of the answer that the money was in the possession of the defendant, but the mere possession of the money by the defendant could not raise any presumption of a gift to him. Neither was he a competent witness to establish the fact that Hemann had given him the money in his lifetime. Such testimony would clearly be within the inhibition of the Constitution which provides that in an action by or against the executors and administrators in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statements of the testator or intestate unless he is called to testify thereto by the opposite party. *Wilson* v. *Edwards,* 79 Ark. 69, and *Carter* v. *Younger,* 123 Ark. 266, and cases cited. So all the testimony that went to the jury was that C. H. Hemann lived at the home of the defendant for some time before he died and that Hemann buried the money involved in this lawsuit.

The defendant in his answer admitted that the money was in his possession. No higher proof was necessary than this admission of the defendant that he had the money in his possession to warrant the court in directing

a verdict for the plaintiff. It is true that the defendant sought to justify his possession by a gift from Hemann in his lifetime, but it devolved upon him to establish that fact by proof, and, not having done so, the court properly directed a verdict for the plaintiff.

The judgment will therefore be affirmed.