## BECKHAM v. CAYTON. (No. 77.)

(Court of Civil Appeals of Texas. Waco. May 22, 1924.)

1. Pleading &==11—In suit on contract made by agent, probative facts of agent's alleged authority need not be pleaded.

In a suit on a contract alleged to have made by an agent for defendant, the agent's alleged authority is an ultimate fact to be proved, but is only incidental, and not the basis of suit; and hence plaintiff need not plead the probative facts by which he expects to establish such authority.

2. Principal and agent &==189(1)—In suit on contract made by agent, specific allegation of agent's authority to employ subagents held not required.

In a suit on a contract by an alleged agent employing plaintiff to sell an oil and gas lease for defendant, wherein plaintiff pleaded that defendant authorized the agent to effect the sale and acquiesced in and ratified the same and ac-

cepted and agreed to pay for plaintiff's services and all that plaintiff was authorized to do as disclosed by the petition was to find a purchaser and bring about a sale on terms prescribed by the agent, no attempt by the agent to delegate his discretion or authority is disclosed, so as to require specific allegation of authority to employ subagents.

**3. Trial ⚎105(5)—Parol evidence of contents of instrument not without probative force when admitted without objection.**

When an instrument in writing is itself competent evidence, and admissible as such, parol proof of its contents, when admitted without objection, is not without probative force.

**4. Principal and agent ⚎124(2) — Evidence held to justify submission to jury of issue as to agent's authority to employ broker.**

Evidence *held* to justify submission to jury of issue of agent's authority to employ broker to procure a purchaser for an oil and gas lease.

**5. Brokers ⚎73 — Defendant held properly sued for one half of compensation due broker under contract in case where plaintiff recognized rights of broker's assistant to other half.**

Plaintiff broker, who recognized and respected the rights of one assisting him and respected the compromise of his claim against defendant for one-half the compensation due under contract which plaintiff promised to give him, properly sued defendant for his half thereof, and the latter had no ground of complaint thereat.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by W. K. Cayton against J. J. Beckham and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Lewis M. Seay, of Groesbeck, for appellant.

J. E. Bradley and E. G. Lloyd, Jr., both of Groesbeck, for appellee.

GALLAGHER, C. J. Appellee, W. K. Cayton, sued appellant, J. J. Beckham, and Jim Henson to recover the sum of $250. Henson was dismissed from the suit before trial and need not be further considered as a party to the suit. Appellee alleged as a basis for the recovery sought by him that, at the time of the transactions involved in this suit, he was engaged in procuring purchasers for and making sales of land and oil, gas and mineral leases for others; that Jim Henson was agent and attorney in fact for appellant; that said Henson, acting for appellant, being desirous of selling an oil and gas lease on a certain 15 acres of land owned by appellant, listed said land with appellee; that said lease was to be sold for the sum of $2,500 net to appellant, and appellee was to receive all the excess over such sum as compensation for his services; that he produced

a purchaser for said lease in the person of a Mr. Herrick, who agreed to pay $3,000 therefor; that such sale was actually consummated, and such lease executed and delivered to said purchaser, and said sum of $3,000 actually paid to and accepted by appellant; that appellant knew of said agreement between him and appellant's said agent and acquiesced in and ratified the same, consummated said sale, and personally promised to pay appellee's claim; that one Rawls had at his request assisted him in procuring said purchaser and inducing said purchase, and that he had agreed to pay said Rawls one-half of his compensation; that appellant had made some settlement with Rawls, but had not paid him, wherefore he prayed for judgment for $250.

There was a trial before a jury. The case was submitted on a general charge. The jury returned a verdict in favor of appellee for $250, and the court rendered judgment in his favor against appellant for said amount. The case is before us for review on appeal.

Appellant complains of the action of the court in overruling his general demurrer. The specific grounds of complaint urged in appellant's brief are: (a) That inasmuch as appellee alleged said Henson was acting under a power of attorney, such instrument should have been set out in full, or at least pleaded in substance; (b) that appellee's petition should have shown specifically that said Henson was authorized to pay appellee for his services in the manner agreed upon between them, and how such authority was conferred.

[1, 2] Omitting repetitions, appellee pleaded the authority of said agent and the subsequent acquiescence in and ratification of his contract by appellee in substance as follows:

"That * * * Jim Henson was the duly authorized, qualified and acting agent and attorney in fact for the defendant, J. J. Beckham, and was fully authorized and empowered by virtue of his said agency to sell and do all things necessary to perfect the sale of the oil and gas lease as herein described; * * * that the defendant, J. J. Beckham, knew of and acquiesced in the aforesaid agreement by which plaintiff was to procure a purchaser for said oil and gas lease; that said J. J. Beckham was present during consummation of said sale and acquiesced in and ratified the terms of the sale; that the defendant, J. J. Beckham, authorized and empowered the said Jim Henson as his agent to effect the aforesaid transaction; that during the pendency of aforesaid sale defendant, J. J. Beckham, knew of the services rendered by plaintiff, accepted same and agreed to pay plaintiff therefor as aforesaid, both before and after the consummation of aforesaid sale."

Appellee's suit was based on a contract between him and appellant, acting by and

through Henson, appellant's agent and attorney in fact. Such contract is pleaded in detail, and no complaint is made of lack of particularity in stating the same. The authority under which said agent acted was an issue in the case, an ultimate fact to be proved; but it was only an incidental fact in appellee's case and not the basis of his suit. It was not necessary for appellee to plead the probative facts by which he expected to establish the ultimate fact of authority. The rule in this respect is stated in 31 Cyc. p. 684, as follows:

"Only ultimate, not probative, facts, should be alleged; hence, if the proof of an ultimate fact requires the prior proof of one or more probative facts evidence thereof cannot be excluded on the ground that such facts are not alleged. Any evidentiary fact which bears directly upon the issues raised by the pleadings is admissible without being pleaded; and if a party states only matters of evidence in his pleadings and not the ultimate fact on which he relies, the court will not allow proof of the fact relied on unless it follows as a necessary legal consequence from the evidentiary facts stated."

Appellant's general demurrer was properly overruled. 31 Cyc. p. 684; 2 C. J. p. 905, § 611; Collins v. Cooper, 65 Tex. 460, 464; Lewis v. Alexander, 51 Tex. 578, 584; Jackson-Foxworth Lumber Co. v. Hutchinson County (Tex. Civ. App.) 88 S. W. 412; Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543 (writ refused).

Appellant complains of the action of the court in overruling his special exception to appellee's petition on the ground that it was not specifically alleged therein that the agent Henson was authorized to employ subagents. This complaint involves the theory that Henson, by the employment of appellee, attempted to delegate his discretion and authority, and that power from appellant to do so should have been specifically pleaded. We have already shown that appellee did plead that appellant had authorized and empowered Henson to effect said transaction and had acquiesced in and ratified the same and had accepted appellee's services and agreed to pay him therefor. Besides, the pleadings do not disclose any attempt by Henson to delegate his discretion or authority. He fixed the price his principal was to receive for the land. All that appellee was authorized to do as disclosed by the petition was to find a purchaser and bring about a sale on the terms prescribed by Henson. Appellee alleged he produced the purchaser, that the sale of the lease to such purchaser was actually consummated in the presence of appellant and the consideration paid to and accepted by him. Appellee's special exception was properly overruled. 2 C. J. p. 689, § 348, and note 84 thereto.

Appellee testified without objection that Henson showed him the power of attorney from appellant, authorizing him to sell leases and to sign appellant's name to checks, etc., and that he (appellee) read the same. The witness Cone testified that Henson had three powers of attorney from appellant; that Henson had him write a contract with said purchaser for the sale of said lease; that said contract was signed by Henson and the purchaser; and that all this was done as a result of appellant's having executed such power of attorney appointing Henson his attorney in fact. Appellee testified that he told appellant of the contract Henson had made with him, and appellant said it was all right; that appellant understood that he was to get $2,500 net for the lease, and that he told appellee as soon as the purchaser's check was cleared they would pay him $500; that appellee himself executed the lease, accepted the purchase price, and never repudiated the contract nor denied Henson's authority to make the same. The witness Rawls testified that he talked with appellant about said lease, and appellant said he was in a hurry and for witness to see Henson, and whatever settlement he made would be satisfactory to appellant. Henson made a compromise settlement with Rawls.

[3, 4] Said power of attorney itself would, of course, have been admissible in evidence on the issue under consideration. When an instrument in writing is itself competent evidence and admissible as such, parol proof of the contents of such instrument, when admitted in evidence without objection, is not without probative force. 23 C. J. p. 39, § 1783; Hattersley v. Burrows, 4 Colo. App. 538, 36 Pac. 889; McFadden v. Fritz, 110 Ind. 1, 10 N. E. 120; Langworthy v. Coleman, 18 Nev. 440, 5 Pac. 65; Goodall v. Norton, 88 Minn. 1, 92 N. W. 445. The fact that when fully informed of the nature and terms of the contract Henson had made with appellee, appellant said it was all right and promised to pay appellee the amount due him thereunder, is not only evidence of ratification, but is also evidence tending to show that Henson was in fact authorized to make such contract. 21 R. C. L. p. 853, § 32; Strayhorn v. McCall, 78 Ark. 209, 95 S. W. 455, 8 Ann. Cas. 377. The evidence was sufficient to justify the court in submitting the issue of Henson's authority to make the contract sued on to the jury for determination.

[5] Neither pleadings nor evidence show any contractual relation between Rawls and appellant. Rawls' rights in the premises rested upon the promise of appellee to give him half of the compensation to be paid appellee under his contract with appellant. Mueller v. Bell (Tex. Civ. App.) 117 S. W. 993, 996; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631, 633, 634 (writ refused). Appellee recognized that Rawls was entitled to such part of said compensation

and respected the compromise made between Rawls and appellant. It is not contended that Rawls attempted to compromise or settle appellee's half of said claim. Appellee brought his suit on said contract for his half of the compensation due under the same. Such action was proper, and appellant has no ground for complaint thereat.

The judgment of the trial court is affirmed.