LODA *v.* RAINES.

4-4498

Opinion delivered January 25, 1937.

514

*Carter & Smith,* for appellant.

*Will Steel* and *Shaver, Shaver & Williams,* for appellee.

HUMPHREYS, J. This is an appeal from the circuit court of Miller county for the purpose of reversing a judgment for $1,500 against appellant on the ground that he negligently injured appellee and her Model A Ford car in a collision between it and the Buick sedan he was driving at the intersection of Grand avenue and Sixteenth street in Texarkana, Arkansas. The collision occurred at 2:30 o'clock p. m. on June 20, 1934. Appellant was driving north on Grand avenue and appellee west on Sixteenth street, and they ran into each other near the center of the intersection of the streets just north of the center line of Sixteenth street at which time appellee was on the north side of Sixteenth street, or on her own side of the street. The testimony stated

in the most favorable light to appellee, was to the effect that she was traveling at fifteen or twenty miles an hour and observed a man by the name of Dowling approaching the intersection of the two streets from the north, at which time she slowed down to see whether he was going to stop or enter the intersection, and when he stopped she proceeded to cross Grand avenue. There was a store building at the corner of Grand avenue and Sixteenth street on the east side of Grand avenue and south side of Sixteenth street that obstructed to some extent the view of appellant on his right and the view of appellee on her left as they approached the intersection until they entered the intersection or until each was passing the store building. According to the testimony introduced by appellee, appellant was driving very rapidly, perhaps at the rate of sixty miles per hour, as he entered the intersection and, although he applied his brakes and turned to his left, skidding anywhere from six to forty-five feet, he was unable to stop his car until he was passing immediately in front of appellee's car, when the collision occurred. Appellee testified that when appellant's car dashed in front of her car she turned to the right in an effort to avoid the collision, but was unable to prevent striking his car. The collision resulted in damages to the front part of each car. The damage to hers was on the front end and the damage to his was on the front part just opposite the windshield. On account of the store obstructing the view of each, neither could see the other until each entered the intersection. There is a conflict in the evidence as to the speed each was driving as they entered the intersection and as to which one was to blame for the collision, but when stated in the most favorable light to appellee, which is the way to view it on appeal to this court, the jury was warranted in finding that appellant's negligent conduct was responsible for the collision.

Appellant seeks a reversal of the judgment because the trial court permitted counsel for appellee to ask the jurors on their examination whether any of them worked for a liability insurance company. It is the

established rule in this State that such a question as this may be asked the veniremen for the purpose of intelligently exercising the right of challenge. *Holbrook* v. *Williams,* 185 Ark. 885, 50 S. W. (2d) 243. There is nothing in this record to indicate that the question was asked for any other purpose. It does not appear that the question was asked to call the attention of the jury to the fact that appellant carried liability insurance and that prejudice resulted to appellant on account of the question propounded.

Appellant also contends for reversal of the judgment because the court refused to instruct a verdict for him. The question of who was to blame for the collision was in dispute and, on account of the conflict in the evidence, this was an issue for the jury, and not for the court, to determine. The request, therefore, for a peremptory instruction was correctly refused.

Appellant also contends for reversal of the judgment because the court gave instruction number 2 requested by appellee. The requested instruction is as follows: ''If you find from a preponderance of the evidence in this case that the plaintiff, while driving her car west on Sixteenth street and while in the exercise of due care for her own safety and for the safety of others using the highway, approached or entered the street intersection of Sixteenth street and Grand avenue at the same time when the car driven by the defendant entered such street intersection, and you find from a preponderance of the evidence that under such circumstances the defendant negligently drove his car into a collision with the plaintiff's car and the plaintiff was injured thereby, you will find for the plaintiff.'' Appellant argues that there is no evidence in the record tending to show that appellant and appellee entered the intersection of the streets at the same time and that appellant negligently drove his car into a collision with that of appellee, but we think there is. The collision was near the center of the intersection. He reached the center of the intersection first and was in the act of passing in front of her car when the front side of his car was struck by the front

end of her car. There is testimony tending to show that he was traveling at a greater rate of speed than she was from which the jury might well have inferred that he reached the center of the intersection first, although he did not enter the intersection first, but entered about the same time she did. It is clearly inferable that they entered the intersection about the same time, as neither saw the other approaching on account of the store building which prevented them from seeing each other until too late to prevent the collision, which each instantly made an effort to do. We do not think the instruction was given without any evidence to support it.

Appellant also contends for a reversal of the judgment because the court refused to give instruction No. 5 requested by him, which is as follows: ''Ordinary care requires of every person who drives a motor vehicle upon a public highway to keep a lookout for vehicles or persons who may be upon the highway and to keep his motor vehicle under such control as to be able to check the speed or stop it, if necessary, to avoid injury to others when danger is apparent; and, if, in this case, you find that the plaintiff discovered the peril of the defendant, and, by the exercise of ordinary caution and care on her part, could have avoided the collision, and failed to do so, then, in that event, she would be guilty of negligence, and your verdict should be for the defendant.'' The first part of this instruction relative to keeping a lookout was correct and would have been given if the last part of it had not covered the doctrine of discovered peril which was not an issue in the case. As there was no evidence in the case to warrant an instruction on the doctrine of discovered peril the instruction was incorrect as being abstract and the court properly refused to give it.

The last contention of appellant for a reversal of the judgment is because instruction No. 3 given by the court on the measure of damages was abstract. He contends that there was no evidence tending to show any diminished capacity on the part of appellee for earning money. Appellant failed to abstract any of the tes-

518

timony relative to the injury and extent thereof received by appellee as a result of the collision. On account of the failure to abstract this evidence we must presume that the court gave a correct instruction on the measure of damages.

No error appearing, the judgment is affirmed.