RANKIN *v.* MORGAN.

4-4554

Opinion delivered March 8, 1937.

*Sam Robinson* and *G. B. Colvin,* for appellant.

*Tom F. Digby,* for appellee.

BAKER, J. J. E. Morgan sued the estate of L. H. Rankin and recovered a judgment for personal injuries suffered in an automobile collision in which Rankin was killed.

From a judgment recovered against the estate of L. H. Rankin this appeal has been taken to test the correctness of a ruling of the trial court in permitting the plaintiff, appellee here, to testify as to the collision and incidents in relation thereto. It is urged that a recovery was necessarily based upon this alleged incompetent testimony, and that a reversal must follow should it be held that the testimony was improperly admitted over·objections.

The parties have favored us only to the extent that they have stated the issue without furnishing citations to authorities supporting their respective contentions. The reason for this is suggested by the almost unfruitful independent search we have made.

Section 2 of the Schedule of the Constitution of Arkansas provides:

"Interest no disqualification. In civil action, no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, in actions by or against executors, administrators or guardians, in which judgment may be· rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. Provided· further, this section may be amended or repealed by the General Assembly." § 4144, Crawford & Moses' Digest.

Morgan, a witness in his own behalf was permitted over objections of the administratrix, to relate the details of the accident. No statements of Rankin were involved.

The objection was that this testimony was as to "transactions with" Rankin, now deceased, and therefore within the inhibition.

Specifically, it is, in this case, urged that a head-on collision of a truck driven by Morgan and a passenger car driven by Rankin constitutes "transactions with" each other, and that Morgan, the survivor, may not testify in regard thereto over the objection of the administrator.

We do not agree with this interpretation. Such is not the usual, common or ordinarily accepted meaning of the word "transaction."

The word is defined: "A business deal; an act involving buying and selling; as, the transactions on the exchange." Its synonym is negotiation. Webster's New International Dictionary, Second Edition.

The placing of these terms "transaction with" and "statements of" in juxtaposition within the inhibitory clause indicates a certain affinity between the two, *ejusdem generis*, the general or more comprehensive is the first and the specific is the second.

We have not been favored with any citation of authority covering directly or by analogy the exact point under consideration. But there are decisions of this court illustrative of the conditions wherein the protection of this bit of the organic law may be invoked. *Williams* v. *Walden*, 82 Ark. 136, 100 S. W. 898. This case deals with transactions as distinguished from statements. The same condition prevails in the case of *Cash* v. *Kirkham*, 67 Ark. 318, 319, 55 S. W. 18. See, also, *Strayhorn* v. *McCall*, 78 Ark. 209, 95 S. W. 455, 8 Ann. Cas. 377. In another case we said:

"It is finally insisted that much of the testimony of Sol Gans is incompetent, because it involved transactions with the deceased Heiseman in a suit against his administrator, and thereby offends against the inhibition of § 2 of the Schedule of the Constitution prohibiting such evidence. The testimony that the relation between witness and Heiseman was one of unreserved and unlimited trust and confidence related to a relationship, rather than to

a transaction, and is not, therefore, incompetent. The testimony of Gans, that Heiseman suggested to him, at a meeting of the stockholders of the Co-Operative Real Estate Company, that they purchase the assets of that corporation, was incompetent, because it does relate to a transaction between the witness and the administrator's intestate.'' *Lasker-Morris Bank & Trust Co.* v. *Gans,* 132 Ark. 402, 410, 200 S. W. 1029. See, also, *Zimmerman* v. *Hemann,* 142 Ark. 308, 218 S. W. 835; *Graves* v. *Bowles,* 190 Ark. 579, 79 S. W. (2d) 995.

It may, therefore, be said that a party may not, over objection of the administrator, undertake to interpret or express what was in the mind of one whose estate he sues, by giving details of dealings, negotiations or transactions or by quoting statements made in relation to such matters. Since the disqualification of witnesses is not favored, we make the observation that we will not extend or expand by interpretation the limited compass of the terms discussed.

A collision and incidents connected therewith are not transactions with the testator or intestate as the case may be.

Affirmed.