## COPE v. HEATH.
## COPE v. SEAY.

### Nos. 11466, 11467.

Circuit Court of Appeals, Eighth Circuit.
Jan. 23, 1940.

Marcus Evrard, of Blytheville, Ark. (Max B. Reid, of Blytheville, Ark., on the brief), for appellant.

Frank C. Douglas, of Blytheville, Ark., for appellees.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

From two judgments, one for each plaintiff, in two personal injury actions which grew out of a head-on collision of two automobiles at a point on Highway 61 just south of Blytheville, Arkansas, on March 22, 1938, and which were tried together, the defendant has appealed. He contends that the trial court should have directed a verdict in his favor at the close of the testimony and that it erred in its instructions to the jury.

The plaintiffs left Blytheville in a Dodge sedan belonging to the plaintiff Seay, at about 10:30 in the morning, for Osceola, on Highway 61, which was paved. The pavement was 20 feet wide, with the usual shoulder on each side. It had rained the night before, but the pavement, at the time, was dry. There was some mud and water on the shoulders. The car was driven by Seay. The plaintiff Heath was his guest passenger. As they left Blytheville, traveling south, they passed to the left of one car going in the same direction, but otherwise they kept to the west side of the pavement, where their car belonged, and were moving at a speed of from 35 to 40 miles an hour. On the east side of the pavement, approaching them, was a wagon, and a car some 35 or 40 feet behind it.

Some distance back of that car was a Pontiac coupe coming "awful fast", which was the car of the defendant, Cope. The car in which the plaintiffs were riding passed the wagon and was a few feet to the north of the car immediately behind the wagon when the defendant's car came from behind that car, proceeded northwesterly across the pavement toward the ditch on the west side of the highway, and then, when almost to the ditch, turned suddenly toward the northeast onto the west side of the pavement and crashed into the Seay car which had been brought almost to a stop when the impact occurred. The Seay car was pointed straight south on the west side of the pavement at the time of the collision. Both of the plaintiffs were severely injured. Their testimony and that of their witnesses tended to prove that the defendant's car was going fast in view of the situation with which he was confronted; that it was probable that the right front wheel of his car ran off the pavement to the east and onto the muddy shoulder, and that in trying to get it back onto the pavement the defendant turned too sharply to the left and his car went out of control toward and almost into the west ditch, and that in endeavoring to keep out of that he drove into the Seay car.

The testimony of the defendant and his witnesses tended to prove that there was a narrow strip along the east side of the pavement upon which mud and water had been splashed by some preceding car, the wheels of which had been run onto the east shoulder of the road; that when the defendant applied the brakes of his car in order to slow down behind the car which was ahead of him on the east side of the highway, the right wheels of his car skidded on the wet strip of pavement, throwing his car out of control across the pavement toward the west ditch, and that, in attempting to avoid going into the ditch, he drove his car into the Seay car. The defendant contends that there was no evidence that he was negligent, and that the evidence conclusively showed that the accident was caused solely by the water and mud on the pavement, for which he was not responsible.

The court below would not have been justified in directing a verdict for the defendant. The jury might have found that the accident was an unavoidable one and caused solely by mud and water upon the pavement, but it was not required to do so. Whatever the situation may have been which confronted the defendant, it was open and apparent. He saw the wagon and the car behind it, which were directly in front of him. He saw the Seay car coming from the north. He could have seen the wet strip of pavement which he says caused the right wheels of his car to skid and threw it out of control. His speed as he approached the wet strip of pavement and the vehicles in front of him should have been a speed which was reasonable and proper considering all of the circumstances. Whether it was such a speed was a question of fact for the jury to determine. The very fact that his car shot out from close behind the slow-moving vehicle in front of him at a speed which carried his car across the road to the west ditch and thence forward into the Seay car with sufficient force to demolish the front ends of both cars, is a strong indication that the defendant was driving neither skillfully nor carefully. In addition, there was evidence of admissions made by the defendant, shortly after the accident occurred, which indicated that he considered himself at fault. The jury, we think, was fully justified in believing that a reasonably prudent driver would, in the exercise of due care, have avoided this collision under the existing circumstances, regardless of the strip of wet pavement.

The charge of the court to the jury, taken as a whole, we regard as full, fair and accurate. It was as favorable to the defendant as he had any right to expect. The defendant complains of the giving of the following instruction requested by the plaintiffs: "The jury is told that ordinary care requires of every person who drives a motor vehicle upon a public street or highway to keep a lookout for vehicles or persons who may be upon such street or highway, and to keep his motor vehicle under such control as to be able to check the speed or stop it absolutely, if necessary, to avoid injury to others when danger may be expected or is apparent.".

There was, we think, no error in giving this instruction. It was equivalent to telling the jury that it was the duty of the defendant to keep his car under such control as to be able to check its speed or to stop it absolutely if necessary in order to avoid the obvious danger of colliding with the Seay car. We think it was clearly the duty of the defendant to regulate the speed of his car so as to be able to

avoid colliding with cars coming from the north upon the side of the pavement where they belonged. Furthermore, the giving of this instruction to a jury has been approved by the Supreme Court of Arkansas in cases where the circumstances were such as to make it appropriate, Madding v. State, 118 Ark. 506, 177 S.W. 410; Smith Arkansas Traveler Co. v. Simmons, 181 Ark. 1024, 28 S.W.2d 1052; Roark Transp., Inc. v. Sneed, 1934, 188 Ark. 928, 68 S.W. 2d 996, and has been disapproved only in cases where it was inapplicable, Coca Cola Bottling Co. v. Doud, 189 Ark. 986, 76 S.W.2d 87; Loda v. Raines, 1937, 193 Ark. 513, 100 S.W.2d 973.

The defendant also contends that the trial court erred in failing to give the following instruction requested by him: "The mere fact that an accident did occur is not, standing alone, any evidence whatever of negligence on the part of any of the parties, and if you find this defendant guilty of negligence, you must make that finding from some evidence before you other than the mere fact that an accident occurred." The court instructed the jury as follows: "Merely finding that the defendant committed some act which caused the accident to occur is not, standing alone, sufficient to support any verdict against him, but you must also find that such act would not have been committed under the same circumstances by a person of ordinary care." We think that this instruction was fully as favorable to the defendant as the one which he requested.

The judgments are affirmed.