EISELE, ADM'R *v.* BEAUDOIN

5-3739                                      398 S. W. 2d 676

Opinion delivered February 7, 1966

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellant.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

JIM JOHNSON, Justice. This appeal principally involves the dead man's statute.

On October 14, 1962, McKinley Beaudoin, a Negro native of south Louisiana, his wife, appellee Marie Beaudoin, their daughter, appellee Beulah LaCaze, and her infant son Billy, were driving through Arkansas on their way home to Chicago after a family visit in Louisiana. McKinley Beaudoin and his daughter had alternated driving. Beaudoin was driving north on U. S. Highway 167 in the rain. About eight miles north of Sheridan the automobile left the highway on the righthand side, went down an embankment, the left side of the automobile struck a tree 138 feet away with such force the car came to rest about twelve feet from the tree. All the occupants were injured. Billy LaCaze, the infant, died in his mother's arms en route to the hospital and McKinley Beaudoin died two days later in a Little Rock hospital.

Willie LaCaze, the boy's father, was appointed administrator of his son's estate. On October 22, 1963, appellees Marie Beaudoin, Beulah LaCaze and Willie LaCaze as administrator, filed suit in Grant Circuit Court against appellant G. Thomas Eisele, administrator of the estate of McKinley Beaudoin, deceased. Trial before a jury resulted in verdicts for the estate, for Beulah LaCaze and for Marie Beaudoin. From judgment on the verdicts comes this appeal.

It is conceded that the passengers in the automobile were guests and appellees alleged that McKinley Beaudoin was guilty of wilful misconduct in the operation of the automobile by operating it at a high, unlawful and excessive rate of speed under the prevailing conditions and by failing to keep the automobile under proper control or to keep a proper lookout.

For reversal appellant urges first that the trial court erred in permitting the surviving passengers to testify that a verbal warning as to speed was given to the driver, who died as a result of the accident.

Beulah LaCaze and Marie Beaudoin both testified that before the accident Marie Beaudoin told her hus-

band he was driving too fast., Appellant contends that this testimony is inadmissible under the so-called "dead man's statute," Section 2 of the Schedule to the Arkansas Constitution. This section reads as follows:

"In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. Provided, further, that this section may be amended or repealed by the General Assembly."

The dead man's statute has been considered by this court many times. The court apparently first dealt with this particular situation, that is, testimony of a party about an automobile accident and statements made to the deceased before the accident (but not statements made by the deceased) in *Rankin* v. *Morgan,* 193 Ark. 751, 102 S. W. 2d 552. The court specifically held that a collision and incidents connected therewith are *not* transactions with the testate or intestate, and further observed that since disqualification of witnesses is not favored, the court "will not extend or expand by interpretation the limited compass" of the dead man's statute.

It is our view that the protestation to the deceased driver relative to the speed of the automobile made here was an incident connected with the collision. It follows, therefore, that the trial court did not err in admitting the testimony objected to.

Appellant secondly urges that the trial court erred in permitting Marie Beaudoin to testify as to her estimate of the speed of the automobile before the accident.

Appellee Beaudoin testified that she did not drive a car. Over appellant's objections, she was permitted to testify as to her opinion of the car's speed before the accident. A similar objection was made in 1911, "the very threshold of the automobile age," in *Bowen* v. *State,* 100 Ark. 232, 140 S. W. 28. There the court said:

"Transportation by automobile may be taken as a matter of common knowledge and general information. It does not require the knowledge of an expert to determine whether an automobile is moving at a usual or unusual rate of speed. Any person of ordinary understanding and common observation is competent to speak upon that question. In the case of *Railway Company* v. *Thomason,* 59 Ark. 143, this court said:

" 'The witness was testifying to matters of fact which he says he had observed, and about which men of common understanding might be informed upon observation. Any person cognizant of the facts upon which he bases his judgment may give his opinion on questions of identity, size, weight, distance and time. Such questions are open to all men of ordinary information.' Again:

" 'We can see nothing in the distance or range of the reflection of light by the headlight of an engine calling for the exercise of peculiar skill, the possession of professional knowledge, or requiring any peculiar habit of study in order to qualify a person to understand it, and to testify about it intelligently." *The same may be said as to the speed of an automobile.* See, also, *Little Rock Traction & El. Co.* v. *Nelson,* 66 Ark. 498; *Miller* v. *State,* 94 Ark. 544; *St. Louis & S. F. Ry. Co.* v. *Brown,* 62 Ark. 254." [Emphasis ours.]

Appellant next contends that the trial court erred in refusing to direct a verdict for appellant at the close of appellees' evidence, as there was a failure of evidence

of wilful and wanton misconduct on the part of the driver.

There was testimony that the driver was travelling 75 to 80 miles an hour, in a blinding rain storm so bad other cars were using headlights, after being warned or asked to slow down. Photographs in evidence show the distance traveled after the car left the road, the damage to the pine tree and the smashed left side of the car. This, with other evidence, correctly submitted to the jury the question of wilful and wanton misconduct under the rule "that when fair-minded men might differ, then the question is one for the jury." *Harkrider* v. *Cox,* 230 Ark. 155, 321 S. W. 2d 226, and cases cited therein.

Appellant's final point urged for reversal is that the verdict in the sum of $8,000 for the estate of the deceased infant, Billy LaCaze, is grossly excessive.

(The verdict and judgment found for Willie LaCaze as administrator of the estate of Billy LaCaze and fixed the damages at $4,000 for the mother, Beulah LaCaze and $4,000 for the father, Willie LaCaze.)

The jury was instructed that if they decided for the administrator, they would consider three elements of damages: (1) present value of the minor's future services and contributions to the parents, (2) an amount to reasonably compensate the parents for their mental anguish, and (3) the reasonable value of the funeral expenses. If this verdict were for funeral expenses, it would seem excessive because the father testified to burial expenses of $175. However, no interrogatories were submitted to the jury and it would be valueless to speculate what percentage of the verdict was attributable to each of the three elements of damage. *Smith* v. *Tipton,* 237 Ark. 486, 374 S. W. 2d 176. Determination of damages for mental anguish and loss of services is the province of the jury. Certainly the amounts in this ver-

232

dict are not so grossly excessive as to shock the conscience of the court. *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S. W. 2d 600.

Affirmed.