**Lowell R. CONNELL, Administrator of the Estate of Roger Lee Connell, Deceased, et al., Appellees,**

**v.**

**STEEL HAULERS, INC., Appellant.**

**No. 71-1429.**

United States Court of Appeals, Eighth Circuit.

Feb. 10, 1972.

Rehearing Denied March 8, 1972.

Gene Matthews, Jr., Wootton, Land & Matthews, Hot Springs, Ark., for appellant.

Henry Woods, Sidney S. McMath, Little Rock, Ark., for appellees.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and WEBSTER,* District Judge.

BRIGHT, Circuit Judge.

This litigation arises out of a collision between a tractor-trailer unit owned and operated by defendant, Steel Haulers, Inc., and a jeep driven by Mrs. Sarah Lee Connell, who, at the time of the accident, was accompanied by her two young children. The accident occurred while both vehicles were moving in the same direction on an Arkansas interstate highway, the tractor-trailer unit colliding with the rear of the jeep. Mrs. Connell sustained severe bodily injuries in the accident and her son, Roger, age nine, was killed. Her eleven year old daughter, Anna, sustained little or no injury. Mrs. Connell and her husband, Lowell R. Connell, brought this action against Steel Haulers, Inc. Recovery was sought for the bodily injuries of Mrs. Connell and her daughter, Anna, and for medical expenses incurred in treating those injuries. Mr. Connell also sought damages for the loss of his wife's consortium during her disability. Additionally, Mr. Connell, as the administrator of his deceased son's estate, sought to recover damages for Roger's death on behalf of himself, his wife, and his

* Sitting by designation.

daughter, under the provisions of the Arkansas Wrongful Death Act, Ark. Stat.Ann. § 27–901 et seq. (1962).

The district court submitted these claims to a jury which found in favor of the plaintiffs and assessed damages, other than for wrongful death, as follows: $50,000 to Sarah Lee Connell for her personal injuries, and $14,000 to Lowell R. Connell for medical expenses, damages to his automobile, and for loss of his wife's consortium. Anna Connell was awarded nothing on her claim for bodily injuries. On the wrongful death claim, the jury awarded a total sum of $111,000, allocating that award as follows: $50,000 to Lowell R. Connell, father; $50,000 to Sarah Lee Connell, mother; $9,950 to Anna Connell, sister; and $1,050 to the estate of Roger Lee Connell for funeral expenses. From a judgment entered on this verdict, Steel Haulers, Inc., brings this timely appeal. Federal jurisdiction rests upon diversity of citizenship and the requisite amount in controversy, and Arkansas substantive law applies.

On appeal, Steel Haulers, Inc., makes these contentions: 1) In the wrongful death action, the trial court should not have instructed the jury that the parents of the deceased were eligible to recover damages attributable to mental anguish. 2) The trial court erred in failing to declare a mistrial when a juror on voir dire examination indicated, in an unsolicited response to a question by the trial judge, that she should be disqualified because she worked for an insurance adjustment company which had "handled this claim."[1] 3) The trial court erred in denying defendant a continuance requested because of alleged surprise testimony from an orthopedic specialist who had treated Mrs. Connell.

4) The trial court erred in failing to grant a new trial because of highly prejudicial comments made by plaintiffs' counsel to the jury. 5) The trial court erred in failing to submit to the jury the issue of Mrs. Connell's contributory negligence. Appellant earlier presented these same issues to the district court by a post-trial motion alternatively for judgment n. o. v. or for a new trial. District Judge Oren Harris denied this motion and filed an unpublished memorandum opinion in which he stated his reasons for that denial.

■ On review, the record indicates that this case is one of clear liability. Defendant's tractor-trailer unit rear-ended the Connell jeep while the latter proceeded in its own lane of a divided highway. The accident occurred in the daytime on a relatively straight and level road. The driver of the defendant's tractor-trailer unit admitted that immediately preceding the accident he had taken his eyes off the road to retrieve some papers which had blown from the dash to the floor of his truck cab. We agree with the observation of Judge Harris that "[t]his record is utterly devoid of any evidence indicating negligence on the part of Mrs. Connell." Thus, the trial court committed no error in declining to instruct the jury on the issue of Mrs. Connell's negligent driving.

We next turn to a consideration of the items of recovery permitted under the Arkansas Wrongful Death Act. The statute permits certain relatives of a deceased to recover damages for "pecuniary injuries," and "mental anguish." Ark.Stat.Ann. § 27–909 (1962). In this case, in addition to instructing on the parents' right to recover for pecuniary loss attributable to the death of their

---

1. The following colloquy occurred between the court and a prospective juror:
    Prospective Juror No. 2: I remember the incident, too, Your Honor.
    The Court: State your name for the record.
    Prospective Juror No. 2: Greta Eloise Montgomery.

The Court: Yes.
Prospective Juror No. 2: I worked for an insurance company that I believe handled this claim so I believe I should be disqualified, that represented this company over here, Light Adjustment Company.

son, the court instructed that the parents, and Roger's sister, might recover for mental anguish, which the court defined as mental suffering resulting from emotions such as grief and despair. The court cautioned, however, that such suffering "must be real and with cause and be more than the normal grief occasioned by the loss of a loved one." The appellant does not question the appropriateness of the language of the instruction as a proper enunciation of the applicable Arkansas law,[2] but urges that the testimony offered on behalf of the parents demonstrates only normal grief, and not the mental anguish required for recovery under the Arkansas cases. Appellant does not here question the submission of the mental anguish instruction as to Anna Connell.

■ The district court rejected the contention that sufficient grief was not demonstrated. The court noted that Roger was an only son in an unusually close-knit farm family. There was further testimony suggesting the probability that Mrs. Connell could bear no more children. The court also noted that, because of her own injuries, Mrs. Connell was unable to attend her son's funeral. Finally, the court found relevant for the jury's assessment of unusual grief, the evidence of personality changes in Roger's parents and sister after his death, and the suddenness of the tragedy.

In J. Paul Smith Co. v. Tipton, 237 Ark. 486, 374 S.W.2d 176 (1964), the Arkansas Supreme Court aptly observed:

. . . [T]here has not been and never will be devised a definite and satisfactory rule by which to determine the amount of money required to compensate parents for mental anguish. [374 S.W.2d at 182–183]

We do think, however, that the factors considered in the instant case were appropriate. We note further, as did Judge Harris, that the Arkansas Supreme Court has consistently affirmed the right of parents of a minor child killed in an accident to recover for mental anguish as an element of damages for wrongful death. See e. g., Eisele v. Beaudoin, 240 Ark. 227, 398 S.W.2d 676 (1966); Pitts v. Greene, 238 Ark. 438, 382 S.W.2d 904 (1964); Tiner v. Tiner, 238 Ark. 222, 379 S.W.2d 425 (1964); Norman v. Gray, 238 Ark. 617, 383 S. W.2d 489 (1964); J. Paul Smith Co. v. Tipton, 237 Ark. 486, 374 S.W.2d 176 (1964); International Harvester Co. v. Land, 234 Ark. 682, 354 S.W.2d 13 (1962). In comparison to the facts recited in these cases, we think the record here amply justified the trial court in submitting to the jury the issue of the parents' claim of mental anguish.

■ We do not think that Arkansas law requires that parents of a deceased child necessarily make a public exhibition of their grief before or during trial. Although appellant argues to the contrary, we are not convinced that mental anguish necessarily manifests itself objectively to the world, nor do grief stricken parents need to offer evidence of physical symptoms such as sleeplessness, weight loss, nervousness, personality changes, and the like. Mental anguish represents a deep inner feeling of pain and hurt often borne in silence. We are satisfied from our reading of the Arkansas cases that parents, such as the Connells, are entitled to have the issue of mental anguish submitted to the jury on the basis of the emotional impact suggested by the circumstances surrounding their loss. We are convinced that assessment of the resulting grief is a task for which juries have traditionally been considered well-suited, and in which they can be properly expected to draw upon their own experience and empathy. See, e. g., Norman v. Gray, supra, 238 Ark. 617, 383 S.W.2d at 493; Pitts v. Greene, supra, 238 Ark. 438, 382 S.W 2d at 909; Eisele v. Beaudoin, supra, 240 Ark. 227, 398 S.W.2d at 678–679.

2. *See* Peugh v. Oliger, 233 Ark. 281, 345 S.W.2d 610 (1961).

■ We also reject appellant's other claims on this appeal relating to alleged improper comments to the jury by appellee's counsel, the failure of the trial court to grant a mistrial during the selection of the jury, and the trial court's denial of appellant's motion for continuance near the end of the proceedings below. We find no error on the part of the trial court in exercising its discretion to refuse a mistrial sought because a prospective juror spontaneously injected a comment which might have indicated the existence of insurance covering one of the parties. Moreover, we do not see that such a remark at that stage in the proceedings prejudiced the appellant. *See* Superior Forwarding Co. v. Sikes, 233 Ark. 932, 349 S.W.2d 818, 821 (1961); Loda v. Raines, 193 Ark. 513, 100 S.W.2d 973, 974 (1937); *see also* Gleaton v. Green, 156 F.2d 459, 462 (4th Cir. 1946); Pillsbury Flour Mills Co. v. Miller, 121 F.2d 297, 302 (8th Cir. 1941); Braman v. Wiley, 119 F.2d 991, 993 (7th Cir. 1941).

■ We also find no error or abuse of the trial court's discretion in denying appellant a continuance, which was sought following the testimony of the plaintiff's orthopedic physician. On direct examination, the physician testified that Mrs. Connell had sustained a spinal fracture at the thoracic 7 level contrary to a medical report which plaintiff's counsel had earlier furnished to the defendant's attorneys which reflected a fracture occurring at the thoracic 10 level. Since appellant had taken advantage of the opportunity to have Mrs. Connell examined before trial by another physician to ascertain the extent of Mrs. Connell's injuries, it is unlikely that the testimony of plaintiff's orthopedic physician served to surprise defendant's counsel. Moreover, defendant, through cross-examination, obtained clarification from plaintiff's physician concerning his assessment of Mrs. Connell's back injury as well as the discrepancy between his testimony and his prior medical report.

■ Finally, we turn to appellant's somewhat belated contention, which was made after the trial, that argument of plaintiff's counsel served to prejudice a fair trial. Judge Harris found no impropriety in the remarks of the plaintiff, and noted particularly that no objections were made during the course of the argument in question. We agree that these objections have come too late. Giffin v. Ensign, 234 F.2d 307, 316 (3d Cir. 1956); St. Louis Southwestern Ry. Co. v. Ferguson, 182 F.2d 949, 953–54 (8th Cir. 1950); Chicago & N. W. Ry. Co. v. Green, 164 F.2d 55, 64 (8th Cir. 1947); *cf.* Isaacs v. United States, 301 F.2d 706, 735–36 (8th Cir. 1962). Moreover, upon review we do not find that plaintiff's argument contained improper or prejudicial statements sufficient to require a new trial, even assuming the existence of proper and timely objection. We particularly observe that the trial court's instructions to the jury included the following appropriate remonstration:

> . . . [O]pening statements, remarks during the trial, and the closing arguments of the attorneys are not evidence but they are made only to help you in understanding the evidence and the applicable law. Therefore, any argument, or statement, or remarks of the attorneys having no basis in the evidence should be disregarded.

Appellant presents no basis for this court to assume that the jury did not follow this and other instructions of the court.

Accordingly, we affirm.